## WADSWORTH v. WADSWORTH.

1. **Practice**: CONSTRUCTION OF STATUTE. Section 50 of the Code of 1873 requires that all actions commenced before the Code took effect shall be conformed to its provisions so far as may be consistent with the substantial rights of the parties.

2. ———: JURY TRIAL. In an action for divorce commenced before the Code took effect, and tried afterward, either of the parties had the right to demand a jury trial.

*Appeal from Montgomery District Court.*

TUESDAY, APRIL 27.

ACTION for divorce. Decree for defendant. Plaintiff appeals.

*Mayne & McPherson, W. P. Hepburn*, and *W. T. Laughlin*, for appellant.

· *H. M. Davis, W. S. Strawn*, and *C. E. Richards*, for appellee.

MILLER, CH. J.—The plaintiff commenced her action in equity in July, 1873, to obtain a divorce from her husband, the defendant, on the ground of cruel and inhuman treatment endangering her life.

The defendant answered, denying the alleged cruel and inhuman treatment, and filed a cross-bill for a divorce from

plaintiff on the alleged ground of adultery. When the cause was reached and called for trial the plaintiff demanded a jury trial, which, on defendant's objection, was refused by the court. This ruling is complained of as erroneous.

By section 4184 of the Revision, an action for divorce was triable "by equitable proceedings of the second method of trial of equitable actions;" and by section 2999 either party in such action was "entitled to have the whole issue or any part thereof, or any specific question of fact involved therein, tried by a jury, under the instructions of the court, as in a case by ordinary proceedings."

Under the Code of 1873, we have but two kinds of actions, viz., ordinary and equitable. Section 2507. And equitable actions are not divided into two classes and triable by two methods, as under the Revision. The issues in an equitable action, under the Code, are tried by the court, unless a referee is ordered. Section 2740. Neither party is entitled to have them tried by a jury. This action was commenced while the law of the Revision was in force, but tried under the Code which repealed the former law, and the question is, which law is to govern? Section 50 of the Code provides as follows: "This repeal of existing statutes shall not affect any act done, any right accruing, or which has accrued or been established, nor any suit or proceeding commenced in any civil cause before the time when such repeal takes effect; but the *proceedings* in such cases shall be conformed to the provisions of this Code as far as consistent."

By this provision of the statute the action, which had been commenced prior to the repeal of the old law, remained unaffected by the repeal. It saved the action from abating, which would have been the effect of the repeal, but for this saving clause. *Thatcher v. Hann*, 12 Iowa, 303. While the action is thus preserved, unaffected by the repeal, the *proceedings* therein are to be conformed to the provisions of the Code, "*as far as consistent.*" The inquiry here arises then, how far is it consistent to follow the new law? It is clear that the legislature contemplated that it might be inconsistent to conform the proceedings to the provisions of the Code fully and

in all respects, hence the reservation that this should be 'done only "as far as consistent."

The next inquiry which presents itself is, what is meant by this language "as far as consistent"? Consistent with what? Are the proceedings to be conformed to the new law as far as consistent with the old, or as far as consistent with the substantial rights of the parties as the statute preserves them unaffected by the repeal of the Revision? Without undertaking to determine how far these qualifying words extend, we feel quite clear that it was the intention of the legislature to at least preserve unaffected the substantial rights of the parties to actions commenced prior to the taking effect of the Code. The repeal was not to "*affect any suit or proceeding commenced in any civil cause*" before the repeal took effect. The proceedings, however, were to be conformed to the provisions of the Code as far as consistent with the preservation of the rights of the parties, in respect to the proceedings in the action, as they existed at the time the suit was commenced. One of the rights of the parties under the law, as it then stood, was that of having the issue tried by a jury. This right was a substantial and important one. Either party had the absolute legal right to a jury trial of the cause by a jury upon so demanding. See *Byers v. Rodabaugh*, 17 Iowa, 53; Revision, section 2999.

It was not intended to abridge or take away this right by the clause requiring the proceedings to be conformed to the provisions of the Code. They are required to be conformed thereto only so far as consistent with the preservation of this and other rights which the parties had under the law in force when the action was commenced. The plaintiff, therefore, was entitled to have the issues in the case tried by a jury, and the refusal of the court to submit the issues to a jury on the demand of the plaintiff, was erroneous.

As the judgment must be reversed for this error, it is unnecessary for us to pass upon the question of the sufficiency of the evidence to support the decree rendered.

REVERSED.