## BROTHERTON v. BROTHERTON.

1. **Practice:** ORIGINAL NOTICE: TAKING EFFECT OF CODE. Where an original notice was served before the Code took effect, and the second day of the term occurred after that time, it was *held* that the Code would govern respecting the time to plead.

2. **Constitutional Law:** CONTINUANCE: PLEADING. The continuance of a case and the time in which pleadings should be filed are not "rights accrued" which cannot be affected by the repeal of existing statutes.

3. **Continuance:** DILIGENCE: PRACTICE. An application for continuance which fails to show due diligence in the preparation of the case for trial should be overruled.

*Appeal from Franklin Circuit Court.*

MONDAY, JUNE 21.

ACTION in chancery for a divorce. A divorce as prayed for in the petition was rendered by the court. Defendant appeals. The facts involved in the questions decided appear in the opinion.

Brotherton v. Brotherton.

*Davidson & King*, for appellant.

No appearance for appellee.

BECK, J.—The notice was served on defendant by publication on the 23d day of July, 1873. On the first day of the term, September 1st, the defendant appeared and asked an allowance of alimony to enable her to conduct her defense to the action, which was granted on the third day of the Term. Thereupon defendant filed her motion for a continuance of the case. The affidavit in support of the motion was made by her attorney, from which it appears that defendant resided in the State of Illinos, and that she had been unable, on account of want of means, to retain counsel, prior to the allowance made by the order of the court; that her counsel was unadvised as to the nature of her defense and the witnesses by whom her defense could be established, but, as the affiant believes, she has a good and valid defense to the action. This motion was overruled. On the fourth day of the term, defendant filed a request for sixty days from completed service in which to answer, which was refused. These rulings are the ground of the objections urged to the judgment:

*1. PRACTICE: original notice: taking effect of Code.*

I. It is insisted that defendant was entitled to sixty days in which to answer the petition. Prior to the taking effect of the Code, September 1st, 1873, the statute so provided. It is claimed that the provision, though repealed by this Code, is therein expressly preserved in its application to actions commenced prior to September 1, 1873. Section 45 of the Code provides, that the repeal of a statute does "not affect any right which has accrued, * * * * or any proceeding commenced under or by virtue of the statute repealed." Section 50 is in these words: "This repeal of existing statutes shall not affect any act done, any right accruing or which has accrued or been established, nor any suit or proceeding had or commenced in any civil court before the time when such repeal takes effect; but the proceedings in such cases shall be

conformed to the provisions of this Code, as far as consistent."

What is preserved here are *rights*. Forms and proceedings are not contemplated farther than they may be necessary to the preservation of the rights of persons. The continuance of the case, or the time in which a defendant shall be required to answer a petition, is a matter of practice. A defendant cannot be said to have a right to a particular time in which to answer. He has a right to answer, and cannot be cut off from its exercise. This right is regulated by the rules of practice of the courts, as prescribed by statute. The statute, therefore, preserves no right of a party to an action to a particular course of practice. The last section quoted directs that proceedings pending when the Code took effect, shall conform to its provisions so "far as consistent," that is, as far as may be consistent with the rights of the parties. *Wadsworth v. Wadsworth*, 40 Iowa, 448. In that case we held that the right of trial by jury, existing in a proceeding before the Code, was preserved under these sections. But that is different from what is claimed to be a right in this case. It pertains to the tribunal and manner of trial; in this case the time of trial is only affected by the repeal of the existing statute.

*2. CONSTITU-TIONAL law: continuance; pleading.*

II. The application for a continuance failed to show diligence in the preparation of the cause for trial—indeed, it appears that nothing whatever was done in that way. The fact of defendant's poverty does not excuse this total neglect. She did retain an attorney, who appeared for her before the allowance of alimony was made her by the court. But she failed to inform him of the nature of the defense, or of the witnesses by whom it could be supported. Proper diligence and interest in the action would have prompted the communication of the important facts to her counsel quite as soon as the information she supplied them of the necessity for an allowance of alimony. Neither does the application for the continuance, so far as it is based upon the absence of evidence, comply with the requirement of the statute in another respect. It should have been made

*3. CONTINU-ANCE: diligence.*

on the second day of the term, or excuse shown for the delay. Code, § 2752. Neither was done.

No other questions are presented in the record. The judgment of the Circuit Court is

AFFIRMED.