WORMLEY v. HAMBURG ET AL.

1. **Practice**: TRIAL: CHANGE OF STATUTE. The rights of the parties with respect to trial by jury are determined by the law in force at the time of the commencement of the action, and are not affected by a subsequent change of statute.

2. **Evidence**: WHEN ADMINISTRATOR IS PARTY. The payment of money to a third person for the same object to which plaintiff's intestate may have made a payment, is not such a transaction with the deceased as will prevent the payer from testifying to the fact of payment in an action by the administrator.

3. **Usury**: TITLE BOND. M. purchased at judicial sale the property of H.; before the time for redemption expired B. redeemed it, paying $1,485 for the redemption, and then entered into an agreement with H. whereby, upon the payment to him of $2,000, he should convey the property to H.: _Held_, that the transaction between B. and H. constituted a loan and that the loan was usurious.

4. **Instruction**: ADMISSIONS IN PLEADING. An instruction directing the jury not to "take into consideration any statement of counsel as to the issues which were before the court on a former trial," was _held_ not to withhold from the jury the admissions of fact contained in a former answer.

_Appeal from Benton District Court._

FRIDAY, JUNE 8.

ON the 21st day of January, 1873, the plaintiff filed his petition for the foreclosure of a title bond or agreement in writing to convey to the defendant, Malinda Hamburg, certain real estate. There was claimed to be due the sum of $1,200 and interest. Promissory notes were held by plaintiff for the amount claimed, which notes were executed by Malinda Hamburg and the defendant, Henry Hamburg, the husband of said Malinda. On the 4th day of February, 1873, plaintiff filed another petition against the said defendants to foreclose an agreement in writing to convey certain other real estate to said Malinda Hamburg. By said agreement Malinda Hamburg contracted to pay for said real estate the sum of $2,000, and interest. It was averred in the petition that the whole amount of the purchase money was unpaid.

To the first petition the defendants answered on the 14th day of February, 1873. The substance of the answer is, that said Henry Hamburg was principal in the notes; that the notes for $1,000 were for a loan of $600 from S. C. Breese, plaintiff's intestate, to said Henry Hamburg; that the land described in the petition was in fact the property of said Henry Hamburg, and held by one Park in trust for said Hamburg, which was well known to said Breese, and a deed was made from Park to Breese as security for said loan; that $600 represented the principal in said loan and $400 the usury.

The defendants in said answer ask that said deed from Park to Breese be declared a mortgage, and that upon payment of the amount due thereon the same be canceled of record; that plaintiffs have judgment for the principal sum loaned, without interest or costs.

On the 15th day of September, 1873, defendant, Malinda Hamburg, filed a further answer pleading full payment of the notes for $1,000, after purging the same of the usury therein. There was a reply filed in general denial of defendants' answers.

To the petition for the foreclosure of the $2,000 contract Malinda Hamburg answered in substance as follows:

That in December, 1869, the premises described in the petition were sold at sheriff's sale to one Merchant, on special execution on a decree of foreclosure in favor of said Merchant and against defendant, Hamburg, for $1,350, subject to redemption; that in November, 1870, before the time of redemption expired, by a corrupt agreement between said Breese and Malinda Hamburg, said Breese undertook to and did loan to her money sufficient to redeem said premises, to-wit: $1,485, at the rate of forty per cent per annum interest on the sum loaned; that to secure said loan and usury it was agreed by the parties that the sheriff should execute a deed for said premises to said Merchant before the time for redemption expired, and defendants should also execute a quit claim deed to said Merchant for said premises, and that he should execute a deed conveying the premises to Breese, and said Breese should execute · to said Malinda Hamburg a contract

for the conveyance of said premises; that said agreement was fully carried out and in pursuance thereof the contract set out in the petition was executed and delivered; that all of said deeds and said contracts were executed to secure said usurious loan, and the same are and always have been mortgages, and that no other consideration for the said contract was ever received than the said sum of $1,485; that there has been paid on said contract the sum of $1,142.75 in cash.

There was also a cross-demand filed with said answer in which defendant, Malinda Hamburg, claimed of plaintiff some $1,500 upon an account containing various items, which it was alleged accrued in the lifetime of Breese. On the 26th day of September, 1873, Malinda Hamburg filed an additional answer pleading payment in full of the indebtedness sued on.

Plaintiff replied denying all the allegations of defendants' answer and cross-demand.

By the agreement of the parties the two causes and all the issues therein were consolidated. There was a trial by jury, verdict and judgment for defendants. Plaintiff appeals.

*G. R. Struble*, for appellant.

*Stivers & Leland*, for appellees.

Rothrock, J.—I. When the cause was reached for trial the defendants demanded a jury, to which plaintiff objected,

1. PRACTICE: trial: change of statute.

and insisted that the trial be to the court. The objection was overruled and a jury empaneled, to which plaintiff excepted, and now assigns this action of the court as error.

These actions were both commenced before the Code took effect, and the right to a trial by jury must be determined by the law in force at that time. *Wadsworth v. Wadsworth*, 40 Iowa, 448.

The abstract shows that on the 15th day of September, 1873, the parties entered into an agreement in writing, that the cause should be tried by the second method of trying equitable causes. This agreement must have had reference to the meth-

ods of trying equitable actions under the Revision of 1860, because under the Code there is no such designation of the methods of trial of equity causes. The first trial of the cause was by a jury and without objection. See 40 Iowa, 22.

The rights of the parties as to the method of trial being governed by the law in force prior to the Code, it was competent for them to stipulate that the trial should be by the second method, in which case either party had the right to demand a trial by jury. Revision 1860, sections 2999, 3000.

II. It is next insisted that the court erred in permitting the witness, L. Merchant, to testify to personal transactions between himself and S. C. Breese, deceased. The testimony of this witness is in substance the same as it was upon the first trial of the cause. It was held by this court that Merchant was a competent witness upon the first trial, to testify to the facts then detailed by him. We are content with the ruling then made, and need not now repeat the argument in support of it. See *Wormley v. Hamburg*, 40 Iowa, 22.

III. The defendant, Henry Hamburg, was introduced as a witness in his own behalf, and was asked the following questions. "State how much was due on that judgment if you know?" This question was objected to because the witness was incompetent. The objection was overruled, to which ruling plaintiff excepted. The witness answered as follows:

2. EVIDENCE: when administrator is party.

"There was due on the judgment some $700; I paid something over $100 on the judgment after the contract was made with Parks, besides what Breese paid." The objection to the incompetency of the witness was too general. It should have stated the reason why the witness was incompetent. But waiving this consideration we think the testimony is not in the nature of a personal communication, or transaction between the deceased and the witness, as urged by counsel for appellant.

It appears that one Dagner held a judgment lien upon the land, and the question asked the witness was as to the amount of said lien. This was in no sense in the nature of a personal transaction with Breese. The same may be said of the state-

ment that witness paid over $100 on the judgment besides what Breese paid. The payment of $100 must have been a personal transaction, not with Breese, but with Dagner, the holder of the judgment.

IV. The plaintiff requested the court to instruct the jury as follows:

"If you find from the testimony that L. Merchant had purchased at sheriff's sale the Hamburg property, situated in

3. USURY: title bond.

Tama City, and described in the petition, and that it required $1,485 to redeem it, and that Hamburg and his wife Malinda made an agreement with Breese, that if Breese would redeem the property from Merchant, and take the title to himself and give them further time as specified in the contract referred to in the petition, dated January 3, 1871, and that Hamburg agreed to pay Breese $2,000 for making such an arrangement with them and Merchant, then such contract is not usurious."

The court refused to give the instruction, and exception was taken. This action of the court is assigned as error. We think there was no error in this ruling.

It must be remembered that it was conceded on the trial that the transaction with Merchant was made before the time for redemption expired. The defendants had the right to redeem from the sale. They conveyed to Merchant and he to Breese, and Breese, having paid Merchant, made the title bond to Malinda Hamburg. We have no doubt that the transaction was in the nature of a loan to the defendants; and that the agreement to pay more than ten per cent per annum interest was usurious.

V. Error is assigned on the seventh paragraph of the court's instructions to the jury. This instruction is, we think, a fair statement of the law upon the question of usury, as applied to the evidence in the case.

VI. Exceptions were taken to the twelfth paragraph of the court's instructions. The part to which objection is made is as follows:

"You will not take into consideration any statement of coun-

Wormley v. Hamburg.

sel as to the issues which were before court on a former trial,
but you will confine yourselves to the facts and
evidence presented to you by this court and which
are before you by its authority; in other words, all
statements of fact made in argument by counsel not warranted
by the testimony should be disregarded.

*4. INSTRUC-TION: admissions in pleading.*

It is insisted, in view of the fact that the first answers filed
by defendants admitted indebtedness to certain amounts, that
this instruction precluded the jury from considering the said
answers as admissions. We do not so understand the instruction. These answers were part of the pleadings in the cause.
The pleadings, including the two answers, we take it, were
submitted to the jury and taken with them in their retirement.
One of these original answers was formally introduced in evidence by the plaintiff, and the signature thereto of the defendant, Henry Hamburg, was shown to be genuine.

There is nothing in the language of the instruction complained of which can fairly be construed as directing the jury
that these answers should not be considered in the light of
admissions of the defendants. The object of the court seems
rather to be to caution the jury against considering statements
of fact made by counsel in the arguments, not warranted by
the testimony.

VII. Lastly, it is insisted that the verdict was not supported by the evidence. The length of this opinion forbids
that we should enter into a discussion of this branch of the
case. It is sufficient to say that we have each carefully examined the evidence as presented in the abstract, and under
the rule so often announced by this court, and which we need
not here repeat, we cannot say that a new trial should have
been granted for this reason.

The judgment of the District Court will be

AFFIRMED.