## SIMONDSON v. SIMONDSON.

1. **Practice** : CHANGE OF STATUTE : TRIAL DE NOVO. Chapter 145, Laws of 1878, relating to the trial of equitable actions, applies only to cases tried in the court below since the statute took effect.

*Appeal from Winneshiek District Court.*

TUESDAY, DECEMBER 10.

ACTION in chancery for divorce. There was a decree dismissing plaintiff's petition, from which she appeals. The facts upon which the points ruled in the case are based will be found in the opinion.

*Willett & Willett*, for appellant.

*M. N. Johnson & Bro.*, for appellee.

Simondson v. Simondson.

BECK, J.—The action was tried and the decree rendered on the 29th day of March, 1878, upon oral evidence, and no

1. PRACTICE: change of statute: trial de novo.

order, as contemplated by Code, § 2742, was made for presenting the evidence in the form of depositions, or for reducing to writing the testimony offered upon the trial. No exceptions were taken to the decree, or any rulings of the court made during the progress of the trial. The appeal was perfected August 1, 1878.

The plaintiff asks for a trial *de novo* in this court, which is resisted by defendant.

If the question thus raised is to be determined under Code, § 2742, the case, for the failure to comply with its provisions, cannot be tried here *de novo*. But plaintiff insists that the statute named is not applicable, for the reason that it is repealed by Acts Seventeenth General Assembly, chapter 145, which restore the practice existing before the enactment of the repealed provision. We are required to determine the correctness of this position.

The repealing act took effect July 4, 1878 (Code, § 34), after the trial and before the appeal was perfected. It is not, by its terms, made applicable to cases before tried. Code, § 45, par. 1, provides that "the repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed." It does not require discussion to show that under this provision the proceedings in the case upon appeal must conform to the statute in force when the action was prosecuted in the court below. *Rivers v. Cole*, 38 Iowa, 677.

The rule we adopt under these statutes operates most justly in its application to cases of this character. The parties, unless notified by the order requiring the case to be tried upon depositions or the evidence to be taken in writing at the trial, would not be advised that a trial *de novo* would be claimed or could be granted in this court. They would not, therefore,

prepare for such trial here upon the trial in the court below; the time and place, as all practitioners know, for the most necessary preparation as to the character and extent of their testimony, and the form and manner of preserving it to be presented in this court. It will be readily seen that a case might be brought here in a condition rendering justice unattainable, if this rule be not enforced.

Counsel for plaintiff insist, citing *Tilton v. Swift*, 40 Iowa, 78, that as the rule of Code, § 2742, pertains to the remedy and to the practice of the court, it may be changed by statute and a different rule applied to pending cases. Doubtless the Legislature may so enact, but nothing of the kind has been attempted which is applicable to this case. On the contrary, Code, § 45, par. 1, which is not affected by the act repealing Code, § 2742, requires the rule of the last named section to be applied to proceedings commenced under it.

The record before us does not present the case in a condition to be tried upon errors. Indeed, the plaintiff does not ask such a trial. We can do nothing but affirm the judgment of the court below.

                                        AFFIRMED.