BAILEY v. MALVIN ET AL.

1. **Practice**: CHANGE OF STATUTE: MANNER OF TRIAL. Chapter 145, laws of 1878, relating to the trial of equitable actions, applies to actions pending, but which had not been tried, at the time the statute took effect.

2. **Lien**: MORTGAGE: PROMISSORY NOTE. Where the first of a series of notes secured by a mortgage was paid by the mortgagor, and, without the knowledge of the mortgagee, transferred to another, who furnished the money to make the payment, it was held that the remaining notes of the series were entitled to preference under the mortgage.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION in chancery to foreclose a mortgage. There was a decree of foreclosure which provides for the priority of liens held by the parties. The plaintiff and two of the defendants appeal. The facts of the case appear in the opinion.

*R. W. Stewart*, for plaintiff.

*J. M. Brayton*, for defendants.

BECK, J.—I. The petition alleges that plaintiff is the holder of a note for $1,000 executed by defendant Malvin, and secured by a mortgage on certain lands which are described. Nathan Odell and John McCrum are made defendants, and it is alleged that whatever interest in, or lien upon, the land is held by them is inferior to the lien of plaintiff. Malvin and his wife made default. The other defendants named answered, alleging that the note held by plaintiff has been paid. They further show that McCrum holds a mortgage upon the lands involved in this action upon which a suit to foreclose is pending in the same court, and the proceedings therein are referred to as setting out his rights. It is also shown that Odell holds a mortgage upon the lands

which has been foreclosed in the same court, and the decree is made a part of the answer. The pleadings of the other defendants need not be recited, as they and the mortgagors do not appeal. All the pleadings are very obscurely set out in the abstract.

II. Counsel for plaintiff insists that the case is not triable here *de novo*, for the reason that the evidence was not re-

1. PRACTICE: change of statute: manner of trial.

duced to writing as required by Code, § 2742. The case was commenced before, but tried after, the repeal of this section by Act 17th General Assembly, Chap. 145. The case was triable under the provisions of the latter statute, which changes the practice in regard to presenting the evidence in writing. It does not affect the rights of the litigants as to the manner of trial, nor as to the remedy. It simply changes a proceeding, and dispenses with a rule of practice. It is, therefore, applicable to actions pending when it went into force. Code, § 45, ¶ 1, does not, therefore, preserve the operation of the old statute, § 2742, and require the cause be prosecuted in accord with its provisions. *Brotherton v. Brotherton*, 41 Iowa, 112; *Simondson v. Simondson*, 50 Iowa, 110.

III. The evidence very satisfactorily proves that the note held by plaintiff was paid by the mortgagor. The testimony

2. LIEN: mortgage: promissory note.

upon this point is clear and direct. Plaintiff claims that the mortgagor obtained the money from him with which he paid the mortgagee, upon an understanding that the mortgagor was to act as the agent of the plaintiff in the purchase of the note, and witnesses so testify. But they fail to show, and the mortgagee absolutely denies, that he transferred the note, but avers that it was given to the mortgagor upon payment being made. Another witness clearly and positively corroborates him. The note in suit was one of five, each for $1,000, secured by the mortgage. Odell is the payee and mortgagee. The note provided for annual interest. After the maturity of the note in suit, which was the first to fall due, it was paid, with the interest

on the other notes, as above shown. Now, it is very plain that a private arrangement between Malvin and plaintiff, whereby the former secured the note by pretense of payment, and thereupon re-issued it to plaintiff, cannot affect the rights of the mortgagee or others who had no notice of such agreement.

IV. The court below entered judgment in favor of plaintiff and against Malvin upon the note, and also entered a judgment in favor of Odell for the amount due upon the notes held by him. A decree foreclosing the mortgage was also entered, declaring that Odell's judgment shall be first paid. But the lien of McCrum is, by the decree, barred, and his rights thereunder are foreclosed. This is erroneous. The note held by plaintiff must be regarded paid as against McCrum for the same reason that we regard it paid as against Odell.

V. Malvin does not complain of the judgment against him, and does not appeal. It must, therefore, stand.

VI. The mortgage provides that in case of foreclosure, an attorney's fee of $50 shall be charged against the mortgagor. The decree provides that an attorney's fee of $50 shall be taxed with each judgment. The mortgage contemplates but one such fee. But as the judgment in plaintiff's favor cannot, as against Odell and McCrum, be regarded as a prior lien, the collection of this fee cannot prejudice them. The fee is properly assessed with Odell's judgment.

The cause will be affirmed on plaintiff's appeal and reversed upon defendants' appeal, and will be remanded for a decree in accord with this opinion.

AFFIRMED ON PLAINTIFF'S APPEAL.
REVERSED ON DEFENDANTS' APPEAL.