HENSLEY v. WHIFFIN ET AL.

1. **Contract**: CONSTRUCTION OF: RIGHTS UNDER. A certain contract, set out in full in the opinion, construed and held not to be a mortgage for money loaned, nor to authorize a decree for redemption, but binding upon the parties according to its terms.

*Appeal from Taylor District Court.*

TUESDAY, JUNE 6.

THIS is an action in equity and involves the title to a farm of 315 acres, in Ringgold county. By the original action the plaintiff Hensley sought to redeem the land from the defendant Whiffin. His right of redemption was denied. See 54 Iowa, 555. The present controversy is between the defendants Lemley and Lemley on the one part, claiming the right to redeem the farm from a deed made in pursuance of a sheriff's sale, upon the ground that said deed is in the nature of a mortgage, the transaction between them and Whiffin by which he was enabled to procure the deed being a mere loan of the money to said Lemleys by Whiffin. Whiffin claims that he is the absolute owner in fee, and that the land is not subject

to redemption. The cause was sent to a referee who found for the defendant. The court set aside the report of the referee and entered a decree for the said Lemleys allowing them to redeem. The defendant Whiffin appeals,

*J. W. Whiffin,* for himself.

*Crum & Haddock,* for appellees.

ROTHROCK, J.—In the year 1876 George Lemley and Louisa Lemley were the owners in fee of the farm. It was incumbered by a mortgage of $1,700 to one Morris. On the 15th of May, 1876, the Lemleys sold and conveyed the premises to one DeBolt who assumed the payment of the mortgage to Morris. A cash payment was made by DeBolt and he executed a mortgage upon the premises to the Lemleys to secure three notes of $1,000 each and one note of $500. By an agreement between the parties the Morris mortgage was taken up and DeBolt gave his note and mortgage in lieu thereof as a first mortgage on the land. Morris also became the owner by assignment of the first of the $1,000 notes made by DeBolt. At the November term, 1878, Morris obtained a decree of foreclosure upon both of the liens so held by him. The appellees herein were made parties to that suit, and their rights as junior lienholders were foreclosed. All of the mortgaged premises were sold on special execution on said foreclosure, and Morris became the purchaser. Afterwards, Morris assigned the certificate of purchase to one Bailey. The land remained unredeemed from the sale, and on the 15th of November, 1879, after the right of the Lemleys to make redemption had expired, but while the right of said DeBolt to redeem still existed, the appellant and appellee, George Lemley, entered into the following written contract:

"This article of agreement made and entered into this 15th day of November, A. D. 1879, by and between J. W. Whiffin, of the county of Taylor, and State of Iowa, of the first part, and George Lemley of the same place, party of the second

part, witnesseth, that said J. W. Whiffin agrees to pay the
sum of $2,500 to Morris and B. F. Bailey, for the purpose
of purchasing the certificate of sale of the farm known as the
DeBolt farm, situated in Benton township, Ringgold county,
Iowa, from a sheriff's sale made in a certain action wherein
said Morris and B. F. Bailey, were plaintiffs, and James De-
Bolt and wife, and George Lemley and wife, were defendants,
and to take an assignment of the certificate to himself, and
hold said certificate until the same is redeemed, or goes to
deed.    If said certificate goes to deed, said J. W. Whiffin is
to take a deed to himself for the whole 315 acres, and is to
hold the same as his own, until said George Lemley can make
a loan on the south 195 acres of said land, being that portion
lying south of the road running east and west through said
farm, and said George Lemley hereby agrees, that he will
make a loan on said land, and borrow enough to pay the said
J. W. Whiffin $1,800 on the first day of January, A. D.
1880, and pay all the taxes and other liens on said farm; and
that said J. W. Whiffin hereby agrees, that on payment to
him of $1,800 and all the tax and other liens on the DeBolt
farm, by said George Lemley, by January 1, 1880, time be-
ing of the very essence of this agreement, he will deed to said
George Lemley, or such person as he may direct, by quitclaim
deed, the 195 acres of said DeBolt farm, lying and being on
the south side of the road running east and west through said
farm; and the said J. W. Whiffin is to have the 120 acres ly-
ing on the north side of the said road, for the balance of
money that he pays to purchase the certificate of sale of said
farm; but shall said James DeBolt, or his assigns, redeem
said farm from said sale, then the said Whiffin is to receive
all the redemption money, and retain the same, a redemption
from said sale securing said Lemley's second mortgage.    The
said J. W. Whiffin further agrees, that should the said
George Lemley desire to purchase the 120 acres on the north
side of the road, and place a loan thereon, that he will sell
said 120 acres to said George Lemley, and deed the same to

him by quitclaim deed, for the sum of $1,200 net cash, so that he can place a loan thereon. Witnesses our hands the day first above written.

> "J. W. WHIFFIN.
> His
> "GEORGE X LEMLEY.
> mark.

"Witness to signatures:
> "J. L. BROWN,
> "G. W. LEMLEY."

This contract must control the rights of the parties. We are fully satisfied from a careful examination of the evidence, that George Lemley executed it with a full understanding of its contents. By its terms he must be bound, however unjust and oppressive it may appear to be. It is contended, however, that the instrument is but a mortgage to secure the loan of money from Whiffin to Lemley. That an absolute deed may be shown to be a mortgage to secure the payment of a debt, is undoubtedly correct. But this is neither a deed nor a mortgage. The Lemleys had lost their right of redemption. They held no title to the land pending their right to redeem. They were but junior lien-holders. They had conveyed the land to DeBolt. They had no more right in the land than any other junior lien-holder. The whole scope and meaning of the contract, precludes the idea that the transaction was a loan of money, and that the instrument in writing was but a mortgage to secure its payment. It is true Lemley procured Whiffin to make the redemption for his benefit, or to furnish $2,500 for that purpose, and Bailey, the holder of the certificate, assigned it to Whiffin, to aid Lemley to acquire the farm, and thus save the lien he had upon it for purchase-money. But the contract plainly provides that Whiffin was to hold the certificate, and if DeBolt should redeem, he was to have all of the redemption-money, which was some four or five hundred dollars more than he paid. In the event that the land should go to deed, and Lemley should succeed in obtaining a loan of other parties, Whiffin was bound to convey 195 acres to

*Marginal note:* 1. CONTRACT: construction of: rights under.

him for $1,800, and Whiffin was to have the balance of the land for the balance of the money invested in the certificate; and if Lemley should desire to purchase the balance of the land, he was to have it for $1,200. There is no provision of the contract which authorizes Lemley to redeem the land by paying the $2,500 and interest. It appears to us, that when the court below authorized the redemption, a contract was made for the parties, different from the one they made themselves. This case is unlike *Wormley v. Hamburg*, 46 Iowa, 144. In that case, Wormley had the right of redemption when the contract was made. In fact, he was the owner, and entitled to redeem, and in order to effect the loan, he conveyed his interest in the property.

It is argued that time is not the essence of this contract. We think that question is immaterial, because the appellees are not seeking a specific performance. If they have any rights they are under the contract. They do not seek a performance, but demand something, which by the terms of the contract, they have no right to demand. In our opinion, the report of the referee was correct, and we think the court erred in vacating it and entering a decree for appellees.

REVERSED.