---

In re WOOD.

(District Court, S. D. New York. January 11, 1900.)

No. 1,226.

1. **BANKRUPTCY—ASSETS—ESTATE IN REMAINDER.**
   A testator devised all his property to his wife "for and during the term of her natural life." He appointed her executrix, and gave her power to sell the property, or any part thereof, and to "invest and reinvest the proceeds." He devised to his son, "absolutely and forever, all the rest, residue, and remainder" of his property after the death of his wife. After the death of the testator, but before the death of the widow, the son was adjudged bankrupt. *Held*, that at the time of the adjudication he had an absolute vested remainder in his father's estate, which would pass to his trustee in bankruptcy, and should have been listed in his schedule of assets.

2. **SAME—RIGHT TO DISCHARGE—CONCEALMENT OF ASSETS.**
   The bankrupt having admitted that he had seen his father's will, and there being nothing to show that he was under any mistake as to its legal effect, and it appearing that the estate in remainder was of substantial value, *held* that his omission of such estate from his schedule, and his testimony, on his examination in bankruptcy, that he had no interest in his father's estate, constituted a knowing and fraudulent concealment of property from his trustee, such as would forfeit his right to a discharge.

3. **SAME—BURDEN OF PROOF.**
   When creditors file specifications in opposition to a bankrupt's application for discharge on the ground of a fraudulent concealment of assets, the burden of proof is upon them; but when they have made out a prima facie case of the existence of assets it devolves upon the bankrupt to explain any facts which are peculiarly within his knowledge, and, if he fails to do so, he may be presumed to admit them.

In Bankruptcy. On bankrupt's application for discharge and opposition thereto by creditors.

Daniel S. Decker, for bankrupt.
Allen & Bentley, opposed.

BROWN, District Judge. The referee has reported adversely to the bankrupt, upon the specifications opposing his discharge, for the reasons stated in the following opinion:

"The grounds of objection to discharge as filed are in substance that the bankrupt omitted to insert in his schedules as assets his interest in his father's estate, and testified upon his examination that he had no interest in such estate.

"The facts are that Gilbert Wood, the bankrupt's father, died in May, 1894, leaving a will, which in June, 1894, was duly admitted to probate in New York county. The will, after providing for the payment of his debts and funeral expenses, contained the following provisions:

" 'Second. I give, devise and bequeath unto my said wife Jane H. Wood all my estate real and person whatsoever and wheresoever for and during the term of her natural life.

" 'Third. All the rest, residue and remainder of my estate after the death of my said wife I give devise and bequeath unto my son Joseph Wood absolutely and forever.   *   *   *'

" 'Fifth. I nominate, constitute and appoint my said wife Jane H. Wood the executrix of this my last will and testament giving and granting unto my said executrix full power and authority to sell and dispose of my real and personal estate or any part thereof at public or private sale at such times and upon such terms and in such manner as she shall deem meet and to invest and reinvest the proceeds of such sale or sales.'

"Gilbert Wood owned at the time of his death the premises No. 166 East 116th street, New York. The value of the property was about $8,000, and it was incumbered with a mortgage for about $5,000. He also had some other property. Mrs. Jane H. Wood, the widow and executrix of Gilbert Wood, sold the real estate under the power of sale contained in the will. Jane H. Wood died on August 9, 1899, after the adjudication in bankruptcy in this case. The bankrupt's Schedule B4, headed 'Property in Reversion, Remainder and Expectancy,' states after each of the entries, 'Interest in Land,' 'Interest in Personal Property,' 'Rights and Powers, Legacies and Bequests,' the word 'None.' He testified on his examination that he derived no interest under his father's will; that everything was left in it to his second mother, Mrs. Jane H. Wood.

"In my opinion, the bankrupt, at the time of the adjudication, had an absolute vested remainder in the estate of his father, and his trustee in bankruptcy is now entitled to receive the value of such vested remainder at the time of the adjudication, from the legal representatives of Jane H. Wood, and the bankrupt's schedules and testimony upon his examination were incorrect in stating that he had no vested remainder or interest in his father's estate. The bankrupt admits in his examination that at some time he had seen his father's will and he gives no explanation tending to show that he was under any mistake in reference to the legal effect of the will. I think that under such circumstances the objecting creditors have made out a prima facie case and that the bankrupt was called upon to rebut the natural inference that he knowingly and fraudulently endeavored to conceal the existence of this asset in his schedules and testimony.

"The evidence is rather weak as to the value of the bankrupt's interest. No evidence was offered as to what property remained in the hands of Mrs. Jane H. Wood at the time of her death, but I think that the proof that the real estate was worth at some time about $3,000 over the mortgage and that there was some personal property besides, affords a presumption that the bankrupt's interest in his father's estate is now of some value. If Mrs. Jane H. Wood had wasted it in her lifetime, the bankrupt should have proved it. The will makes it her duty as executrix, if she should sell the real or personal estate under the power of sale, to reinvest the proceeds, and in the absence of any evidence to the contrary the presumption is that she performed her duty. The general rule is undoubtedly that the burden of proof upon objections to discharge is upon the creditors. In re Hill, 1 N. B. R. 275. Fed. Cas. No. 6,482; In re Okell, 2 N. B. R. 105, Fed. Cas. No. 10,475; In re Herdic, 19 N. B. R. 385, 1 Fed. 242: In re Boasberg, 1 Nat. Bankr. N. 133. But when the objecting creditors have made out a prima facie case of the existence of assets, a bankrupt is then called on to explain facts peculiarly within his own knowledge, and if he omits to do so may be presumed to admit them. In re Doyle, 3 N. B. R. 784, Fed. Cas. No. 4,052.

"The bankrupt's attorney argues that the bankrupt took no interest in his ·father's estate under this will, claiming that the bequest of the life estate to Jane H. Wood, coupled with the power of sale, vested in law the entire title in her, or at least that the bankrupt had no legal interest in the estate until her death, and cites a number of cases such as Jackson v. Bull, 10 Johns. 19, and Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. 316, 771, establishing the general doctrine that a valid executory devise cannot co-exist with a devise of a primary fee, accompanied with an absolute disposing power in the first taker, and that an executory limitation by will either of real or personal property after· a gift of an absolute estate is void. But in this case the gift to Jane H. Wood was for life only, and her power of sale was not a power of absolute disposition for her own benefit, but simply provided for the reinvestment of the principal fund, and therefore, in my opinion, it cannot be claimed that Jane H. Wood took a fee in the real estate or an absolute ownership in the personalty under her husband's will, and the intricate questions as to the effect of executory devises imposing limitations upon prior estates in fee have no application. See 4 Kent, Comm. p. 319.

"In my opinion, the objections to a discharge are sustained by the facts.

"Geo. C. Holt, Referee."

I concur in the above and the discharge is therefore denied.