In re ST. JOHN.

(District Court, N. D. New York. November 28, 1900.)

No. 1,614.

BANKRUPTCY—ASSETS—VESTED REMAINDER.

Where a will bequeathed a sum to trustees, with directions to apply the income for the benefit of a daughter of the testator during her life, the principal on her death to be divided between her children if she should leave any surviving her, and, if not, between the testator's two sons, who were named, the interest taken by the sons in the trust fund, under the statutes of New York, as construed by its courts, was a vested remainder, which was alienable; and, on the bankruptcy of one of the sons while the life estate was still outstanding, his interest in the fund passed to his trustee, as assets, under Bankr. Act 1898, § 70a, cl. 5.

In Bankruptcy. Appeal from an order of the referee directing sale of asset.

The following is the opinion of Referee R. A. Gunnison:

This matter comes up on the petition of Thomas J. Mangan, Esq., the trustee herein, asking "to be allowed and authorized to make sale by auction" of a certain alleged asset of the bankrupt. Upon this petition an order was made, directing the creditors and all persons in interest to show cause before me on the 16th day of April, 1900, why the prayer of the petitioner should not be granted. On the return day of the order, the bankrupt appeared by attorney and filed an answer to the petition of the trustee, denying certain allegations in said petition. A statement of facts was finally agreed upon. The arguments were heard and briefs filed.

Some years prior to the adjudication of Nelson A. St. John as a bankrupt, Vincent St. John died, leaving a daughter, Julia Cronin, and two sons, Lewis E. St. John and Nelson A. St. John, this bankrupt, him surviving. The will of Vincent St. John, the father of this bankrupt, contained, among other provisions, the following: "Third. I give, bequeath, and devise unto my executors hereinafter named the sum of $10,000 in trust, to be safely invested in either United States bonds, or bonds of the state of New York or of the city of Binghamton, or upon bonds secured by mortgages which are first liens upon improved real estate lying in the state of New York, worth double the amount so invested, besides buildings, bearing lawful interest, payable annually or semiannually; and the interest or income derived from such investment (or such portions of such income as they shall deem necessary for her maintenance and support) they shall pay over semiannually to my daughter, Julia. I also devise and bequeath to my said executors in trust, the sum of $500, which I direct them to apply for the sole use and benefit of my said daughter, Julia, in such manner and at such times as they, in their discretion, may deem proper and necessary. At the decease of my said daughter, leaving a child or children her surviving, I give said sum of $10,000 and any unexpended balance herein bequeathed, for the benefit of my said daughter Julia, to such child or children in equal shares. In case of the decease of my said daughter, Julia, leaving no child or children, I give and bequeath said sum of $10,000 and said unexpended balance before mentioned, if any, to my two sons, Lewis E. St. John and Nelson A. St. John, share and share alike."

It is contended by the trustee herein that under the last sentence of the third clause of the will of Vincent St. John, deceased, quoted above, Nelson A.

St. John, this bankrupt, took an interest in the said $10,000 of his father's estate, which by section 70, subd. "a," cl. 5, Bankr. Act 1898, became, on his adjudication as a bankrupt, a part of his estate in bankruptcy, and as such the title thereto passed to the trustee of said estate upon the appointment and qualification of said trustee. In other words, the trustee claims that the bankrupt's interest under that sentence is an estate alienable under the statutes of the state of New York, whether the interest of said St. John be a vested or a contingent remainder. On the other hand, the bankrupt contends that, under said sentence and clause of his father's will, whatever interest may have come to him was not alienable; that his interest therein is a contingent remainder, dependent upon two contingencies: (1) As to whether his sister, Julia Cronin, the beneficiary under the trust created in said clause, shall leave a child or children surviving on her decease; and (2) upon his (the bankrupt's) surviving his sister, the said Julia Cronin; and that unless she dies without leaving child or children, and before his death, he cannot receive any benefit from such bequest, and that this bequest is such a contingent remainder that it cannot be liable for his debts, and is in no way liable under the bankruptcy laws, and cannot be taken, sold, or applied towards the payment of the creditors of this bankrupt.

The facts in relation to Julia Cronin, this beneficiary, are that she is now living, at the age of 58 years. She is married and has no living children, nor has she ever had a child. On his argument the bankrupt's attorney laid some stress upon the possible adoption of a child by Julia Cronin. The question of adoption will be considered later.

The sole question to be determined in this matter is, had Nelson A. St. John, this bankrupt, at the time of his adjudication in bankruptcy, such an interest in the $10,000 bequeathed by Vincent St. John, and now held in trust for Julia Cronin, as, under section 70, subd. "a," cl. 5, of the act of bankruptcy would pass to the trustee as an asset of his estate? If the interest of Nelson A. St. John under the will of Vincent St. John is one which prior to the filing of his petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him, then it becomes a part of the estate, and upon the appointment and qualification of a trustee the title thereto at once vests in said trustee. In order to determine the nature of the interest of Nelson A. St. John herein, we must resort to the definitions in the statutes of New York state. In the personal property law of New York state it is provided: "In all other respects, limitations of future or contingent interests in personal property shall be subject to the rules prescribed in the first chapter of this act in relation to future estates in lands." 2 Rev. St. N. Y. (Banks & Bro.) p. 1857, c. 4, tit. 4, § 2.

The bankrupt's first contention, that the interest of Vincent St. John in this matter is a contingent interest, subject to be devested by the decease of Julia Cronin, leaving child or children her surviving, may be, and possibly is, sound. As to whether it is or is not a contingent interest will be discussed hereafter. The bankrupt urges the possibility of the adoption of a child by Julia Cronin, and that the survival of Julia Cronin by such adopted child would devest the bankrupt of any interest he might have under the law. Such a contingency is at once disposed of by the statutes of this state, which provide: "But as respects the passing and limitations whether of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the minor child is not deemed the child of the foster parent so as to defeat the rights of remaindermen." 5 Rev. St. (Banks & Bro.) p. 323; Laws 1896, c. 272, § 64. The adoption of a child by Julia Cronin would in no way affect the interest of Nelson A. St. John. The only contingency that could affect his interest would be the survival of a child born of Julia Cronin.

The bankrupt's second contention, that he must survive Mrs. Cronin before he can receive any benefit from such bequest, is as unsound as is that as to the adoption of a child. The same question was raised in Roosa v. Harrington, reported in 31 Misc. Rep. at page 529, 65 N. Y. Supp. 601. The provisions of the will in the case above cited were similar, if not identical, with those herein. Latham Cornell died, leaving a will in which he provides a trust fund for the use of his grandson, Charles W. Cornell, during his natural life, and that, on death of said Charles without issue surviving, the trustees were directed "to pay said

principal [i. e. the trust fund] on his death to my said son, William W. Cornell, and my said daughter, Sarah E. Harrington, to be equally divided among them." It will be noted that the provisions of the two wills are almost identical. The son, William W. Cornell, died intestate, leaving no widow or children; the daughter, Sarah E. Harrington, died, leaving a will and three children. The grandson, Charles W. Cornell, died, leaving no widow or issue. The matter comes up in two actions,—one brought by the trustee for an accounting and distribution of the trust funds in his hands; the second by the widow of the testator, asking for a judicial construction of the will, and for the payment to her of one-third of the personalty. The judge says: "The fundamental question presented for determination under this will is whether the gift to the son, William W. Cornell, and to the daughter, Sarah E. Harrington, upon the termination of the trust estate for the benefit of ·Charles W. Cornell, is a gift to take effect in the future, or did it vest in the son and daughter at the death of the testator?" The authorities need not be cited in support of the well-settled general propositions that in the construction of wills the law favors vesting and disfavors intestacy. The same situation would be presented here, were Nelson A. St. John and his brother, Lewis E. St. John, to die before their sister, the beneficiary, and the same condition as to the intestacy of Vincent St. John would arise, so that in respect to this matter the opinion in Roosa v. Harrington, above cited, is on all fours. Judge Chester, after carefully considering the Revised Statutes, ·as re-enacted in the real property law, holds: "These future estates vested in William W. and Sarah E. at the death of the testator."

The bankrupt also cites in support of his contention that "his interest cannot be liable for his debts, and is in no way liable under the bankruptcy laws, and cannot be taken and sold or applied towards the payment of the creditors of this bankrupt," the case of In re Hoadley, 3 Am. Bankr. R. 780, 101 Fed. 233, which is the only decision on this question under the present law which I have been able to find. The case is somewhat similar to the one under consideration, but differs from it because the bequest considered therein was uncertain as to the person or persons who are to take. In that case all bequests are to a class yet undetermined; that is, to the heirs. In the case under consideration the persons who would take on the determination of the precedent estate are named. The trustee in the Hoadley Case cites many of the cases cited by the trustee herein, in support of his position, and Judge Brown, in determining the case, says: "In the other case above cited, that is, the case cited by the trustee, the persons to ultimately take were named in the will. There was no uncertainty as to the person, but only as to the event which might defeat their right. They were regarded, therefore, as having a present right or interest in a future, expectant estate, which by the said statute is devisable and alienable." That is the exact condition of affairs here. The persons who are to take ultimately are named in the will. There is no uncertainty as to them, but only as to the event which may defeat their right. They have, therefore, a present right or interest therein. Judge Brown concludes: "Upon the view, therefore, that the testators here intended no present gift of any estate or interest in expectancy or otherwise to pass to either of the bankrupts, and none until the death of the beneficiaries for life, and then only to persons then living, that until then the trustees under the will held the entire estate, and that until then the bankrupts have no interest capable of being devised or aliened. The report is confirmed. And the application of the trustee in bankruptcy is denied." I think it will be evident that the decision of Judge Brown is based upon terms of a will entirely different from those in this case. Under the will here considered, the point urged by the trustee is, first, that the interest of Nelson A. St. John vested upon the death of the testator. Under the common law of this state and the cases thereunder decided prior to the adoption of the Revised Statutes, there was much uncertainty and confusion upon the subject of vested and contingent remainders, and many of the cases cited by the bankrupt are of that kind. It was the purpose of the revision of the statutes of this state to avoid this uncertainty and confusion, and, to that end, vested and contingent remainders were carefully and explicitly defined. Judge Woodruff, in discussing this question, says: "In my opinion, they have defined a vested remainder in terms which do fully avoid much of the uncertainty in

which the subject was before involved." Moore v. Littel, 41 N. Y. 66. "The estates as respects the time of their enjoyment are divided into estates in possession and into estates in expectancy." Laws 1896, c. 547, § 25; 5 Rev. St. (Banks & Bro.) p. 3548.

The interest of Nelson St. John in this bequest, whatever it may be, is an expectant estate, and, by section 26 of the laws above cited, such estates are divided into future estates and reversions. By section 27, "A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate or on the determination by lapse of time, or otherwise of a precedent estate, created at the same time." It is plain that St. John's interest is a future estate, limited to commence in possession at a future time, on the determination by death of the estate of Julia Cronin, and on the contingency that she die without child or children surviving. Section 28: "Where a future estate is dependent on a precedent estate, it may be termed a remainder." Section 30 holds a remainder vested "where there is a person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." Nelson St. John is the person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates. That is, if Julia Cronin were to die at this moment, Nelson St. John, this bankrupt, is the person in being who would have the immediate right to the possession of this property. Judge Woodruff, in Moore v. Littel, above cited, after commenting upon the definitions of vested remainder, continues: "It is now true that if there be a person in being of whom it can be positively averred that, if the estate for life were now to cease, he would have an immediate right of possession, he has a vested remainder, and notwithstanding subsequent events may defeat it, the operation of the statute itself is to make them subsequent conditions." Again he says: "But here suppose that the one sole condition, to wit, the determination of the precedent estate, is all that is necessary to entitle a person in esse to take. It is not denied that such person has a vested remainder. Why, then, if the precedent estate can only be determined by the death of the life tenant, and by that death the heirship is alike also determined, is not the statute definition in all respects satisfied? It makes the precise case described, and I deny the right to interpolate qualifications drawn from the refined reasoning of cases or text-books prior to the statute to limit the operation by its plain terms." Further on, he says: "Without enlarging further, the statute, rejecting technical expressions and phrases heretofore employed, meant, by 'person,' just what it expresses, and no more. 'When there is a person in being,' means when you can point to a human being, man, woman or child; 'and who would have an immediate right to the possession of the lands upon the ceasing of a precedent interest,' means that if you can point to a man, woman, or child who, if the life estate should now cease, would, eo instante et ipso facto, have an immediate right of possession, then the remainder is vested, and by necessary consequence all contingencies which may operate to defeat the right of possession are to operate, and only to operate, as conditions subsequent." In support of this view, he quotes later Chancellor Walworth in Lawrence v. Bayard, 7 Paige, 75, who says, among other things: "It is the present capacity of the individual to take the remainder in possession, if the particular estate should immediately determine, which vests the remainder in interest, and not the absolute certainty that such remainder will ever in fact become vested in possession in him." Also, Meade v. Mitchell, 17 N. Y. 210. I quote extensively from the opinion of Judge Woodruff, because this is the case establishing the construction of this section of the statute, and has been repeatedly cited and concurred in by the courts of this state. See Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811; Levy v. Levy, 79 Hun, 290, 29 N. Y. Supp. 384; Mullarky v. Sullivan, 63 Hun, 156, 17 N. Y. Supp. 715; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008. This construction seems to me to be a fair and reasonable one. And on the strength of it and the other cases above cited, I have reached the conclusion that the interest of Nelson A. St. John in his father's bequest is a vested remainder, and it nec-

essarily follows that as such it is alienable, and becomes a part of the bankruptcy estate, the title to which is vested in the trustee.

But what if we take the view of the. bankrupt, that it is a contingent remainder? Let us again refer to the statutes of this state. If a contingent remainder, then it is a future expectant estate, under Laws 1896, c. 547, §§ 25–27; but a future expectant estate is "descendible, devisable and alienable in the same manner as an estate in possession." Id. § 49; 5 Rev. St. (Banks & Bro.) p. 3552. If this be true, and I can see no reason why such a construction is not sound, taken upon the bankrupt's own contention that his interest is a contingent remainder, it is alienable, and as such becomes a part of his estate in bankruptcy. Judge Woodruff, in Moore v. Littel, above referred to, in considering this phase of the question, determines that the interest, if a contingent remainder, is alienable, and this view, while not concurred in by the entire court, is sustained by a majority, and is cited as the leading case in this state upon that point. See Ham v. Van Orden, 84 N. Y. 269; Griffin v. Shepard, 124 N. Y. 74, 26 N. E. 339. The bankrupt has cited numerous cases holding that the bequest is a contingency, with futurity annexed. It seems to me, after a careful examination of these cases, that the conclusions arrived at therein are based upon what Judge Woodruff termed "qualifications drawn from refined reasoning," and to which he "denies the right to limit the operation of the plain terms of the statute." I have arrived at these conclusions after no little study, and not without considerable doubt as to the correctness of my reasoning. However, I am of the opinion that the interest of Nelson A. St. John is alienable, and that it is a part of his estate, no matter how undesirable an asset it may be, and that as such the trustee should take possession of it, and sell it for the benefit of the creditors. Let an order be made, directing the trustee to take possession of and sell, upon due notice to creditors and all parties in interest herein, all the interest of Nelson A. St. John, this bankrupt, under and by virtue of the bequest to him made under the last sentence of the third clause of the will of Vincent St. John, deceased.

Thomas J. Mangan, for trustee, in pro. per.
Carver & Deyo, for Susquehanna Val. Bank.
E. C. Moody, for bankrupt.
Newell & Hennessey, for First Nat. Bank, F. B. Newell, and W. W. Newell, executors.

COXE, District Judge. I have examined with care the question involved and concur with the referee that the interest of the bankrupt in the bequest of $10,000 provided for by the third clause of the will of his father, Vincent St. John, passed to the trustee in bankruptcy, pursuant to section 70, subd. a, cl. 5, Bankr. Act. Although I incline to the opinion that the referee is correct in holding that the interest in question is an alienable vested remainder, it is unnecessary to characterize it further than property which, prior to the filing of the petition, the bankrupt could have transferred, or which might have been levied upon and sold under judicial process against him. It follows that the court will hardly be justified in closing up the estate with this interest outstanding. Even were there more doubt regarding the question, the safer course for the trustee is to dispose of his interest by a sale. The fact that the possession of the estate depends upon a future contingency which may never happen, although it lessens materially the value of the estate, does not destroy its character as a vested interest which passed to the trustee, and which it is his duty to dispose of. The entire subject is so fully and clearly discussed in the opinion of the referee that further comment is unnecessary. The order appealed from is affirmed.