## In re McHARRY.

## McHARRY v. KINGMAN & CO.

(Circuit Court of Appeals, Seventh Circuit.　November 5, 1901.)

### No. 795.

BANKRUPTCY—ESTATE PASSING TO TRUSTEE—VESTED REMAINDER.

　　Where lands were devised to a life tenant, with remainder in fee to
　his children or their descendants, if any should survive him, a son of
　such life tenant took a vested remainder, both under the general law
　and under the law of Illinois, which he could transfer, and which passed
　to his trustee on his bankruptcy during the lifetime of his father.

Petition for Review and Revision of Order of the District Court of
the United States for the Southern District of Illinois, in Bankruptcy.

On petition of Homer C. McHarry to review and revise an order
declaring a remainder in realty an asset of his estate.

John F. Armstrong, for petitioner.

Arthur Keithley, for respondent.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN,
District Judge.

GROSSCUP, Circuit Judge.　Upon the petition of Kingman &
Company, a corporation under the laws of Illinois and a creditor of
Homer C. McHarry, Bankrupt, the District Court, affirming a like
finding of the referee in bankruptcy, ordered the bankrupt to sched-
ule, as part of the assets of the bankrupt estate, his one-fifth interest
in certain real estate devised under the Will of the bankrupt's grand-
father, Hugh McHarry, to Hugh A. McHarry, father of the bank-
rupt, during the term of his natural life, with remainder in fee, on the
death of said Hugh A. McHarry, to his children, share and share
alike.

The principal clause of the Will, omitting the description, is as fol-
lows:

　　"I give, devise and bequeath unto my son, Hugh A. McHarry, for and dur-
ing the term of his natural life, the * * * (description), with the re-
mainder in fee in all of the lots and lands in this clause mentioned, on the
death of the said Hugh A. McHarry, to his children, share and share alike;
the descendant of a deceased child to take the share his, her or their parent
would be entitled to if living; but should the said Hugh A. McHarry die
without leaving any child or children, or the descendant of any child or chil-
dren surviving him, then in that event, it is my wish and will, and I hereby
give, devise and bequeath to my children, Homer C. McHarry, William A.
McHarry, Margaret E. Donaldson, Hugh A. McHarry and Josie R. Dexter,
the said lands and lots in this clause mentioned in fee simple share and
share alike.　The heirs of each of my children to take the share which such
child would be entitled to if living."

At the time of Homer McHarry's adjudication as a bankrupt Hugh
McHarry, the testator, was dead, but Hugh A. McHarry, father of
the bankrupt, and owner of the life estate, was still living and in pos-
session of the life estate.

Section 70 of the Bankrupt Act vests the Trustee in bankruptcy,
by operation of law, with the title of the bankrupt, as of the date of

adjudication, of all property which, prior to the filing of the petition, the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process. The question, therefore, presented by this case is: Did the will of Hugh McHarry, above quoted from, vest Homer McHarry, the bankrupt, on the death of the testator, with an estate that could by any means have been transferred by him?

We are of the opinion that it did. The estate taken by Homer McHarry on the death of the testator was a vested remainder. It embraced a fixed interest in particular pieces of real estate, and it was in favor of a person certain and definite, to be enjoyed in future by him and his descendants. The only contingency presented was whether the devisee would be alive when the intervening life estate expired. Such a contingency does not go to the right of enjoyment, but only to the actuality of enjoyment. It is not an uncertainty as to the estate conveyed, but only as to whether the remainder-man will live to take possession of it. Such uncertainty does not make the estate a contingent remainder.

The rule is laid down by Kent as follows:

"It is the uncertainty of the right of enjoyment, and not the uncertainty of its actual enjoyment, which renders a remainder contingent. The present capacity of taking effect in possession—if the possession were to become vacant—distinguishes a vested from a contingent remainder, and not the certainty that the possession will ever become vacant while the remainder continues." 4 Kent, Comm. 282.

The Supreme Court of Massachusetts thus states the rule:

"Where a remainder is limited to take effect in possession, if ever, immediately upon the determination of a particular estate, which estate is to determine by an event that must unavoidably happen by the efflux of time, the remainder vests in interest as soon as the remainder-man is in esse and ascertained." Blanchard v. Blanchard, 1 Allen, 227.

The adjudications in Illinois are to the same effect. In Scofield v. Olcott, 120 Ill. 371, 11 N. E. 351, the rule is stated as follows:

"Every remainder-man may die without issue before the death of the tenant for life. It is the present capacity of taking effect in possession, if the possession were to become vacant, and not the certainty, that the possession will become vacant before the estate, limited in remainder, determines, that distinguishes a vested from a contingent remainder. When the event, on which the preceding estate is limited, must happen, and when it also may happen before the expiration of the estate limited in remainder, that remainder is vested."

See also, Kellett v. Shepard, 139 Ill. 433, 28 N. E. 751, 34 N. E. 254; Ducker v. Burnham, 146 Ill. 9, 34 N. E. 558, 37 Am. St. Rep. 135; Harvard College v. Balch, 171 Ill. 275, 49 N. E. 543; and McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015.

Were the question one of general law, we would have come to the conclusion announced; but being one of local law, in which we are required to follow the rule laid down by the court of last resort of the state where the property is situated, we have found no difficulty in disposing of the question according to the adjudications of the Supreme Court of Illinois.

The order below is affirmed.