**HUGHES et al. v. BEALL. (No. 2934.)\***

(Court of Civil Appeals of Texas. Texarkana. May 27, 1924. Rehearing Denied June 12, 1924.)

1. Wills ⬤⟞614(2)—Will construed to create life estate with vested remainder; "to hold."

A devise of testatrix's undivided interest in community property of herself and her husband to her husband, "with full power and authority to use and to hold the same in any manner he may desire," and at his death the balance of the estate to be equally divided among testatrix's children, created a life estate in the husband with vested remainder in the children, "to hold," used in connection with "to use," being intended to mean "to keep."

2. Bankruptcy ⬤⟞143(9)—Vested interest of remainderman held to pass to trustee in bankruptcy as a property right.

Where bankrupt possessed a vested remainder in property after a life estate, his interest passed as a property right to his trustee in bankruptcy, and was a subject-matter of sale by him, but the trustee was not entitled to possession of the property as against the life tenant.

3. Assignments ⬤⟞8—Expectancy of heir is subject-matter of sale and conveyance.

The expectancy of an heir is a subject-matter of a sale and conveyance.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Suit by George F. Beall against I. L. Hughes and others. From a decree for plaintiff, defendants appeal. Affirmed.

The suit was brought by the appellee for the purpose of having the court construe the will of Mrs. S. L. Hughes, deceased. The court construed the will as contended for by the appellee, and entered judgment in his favor, decreeing to the appellee title and possession to the "one-third undivided remainder interest of James Richard Hughes in all of the property belonging to the estate of S. L. Hughes, deceased, at the time of her death, being briefly described as follows: [Here follows description]."

The recovery was made subject "to the life estate of I. L. Hughes."

The facts as agreed to are as follows: That James Richard Hughes has been, upon his own application, duly and legally adjudged a bankrupt by the District Court of the United States for the Northern District of Texas sitting at Dallas, and that all matters required by law and the rules of said court to be handled by the referee in bankruptcy in relation to said estate have been referred by said court to Hon. E. M. Baker, referee in bankruptcy; that the appellee herein has been duly and legally appointed and has qualified, and is acting as trustee of said estate; that on the 27th day of November, 1922, the said referee in bankruptcy, by his order duly entered on that date, directed the appellee, as trustee of said estate, to bring this suit, and that the appellee, as such trustee, has all proper and legal authority to bring and prosecute this suit; that the administration of the estate of said James Richard Hughes in bankruptcy is still open and pending; that the said James Richard Hughes is the son of the appellant I. L. Hughes and his deceased wife S. L. Hughes, and is the brother of the appellants Addie Harkey and Nervada Pearson; that on the 14th day of August, 1906, the said S. L. Hughes, deceased mother of James Richard Hughes, duly executed her last will and testament; that thereafter on the 31st day of

August, 1916, the said S. L. Hughes died in Hunt county, Tex., and that thereafter on the 7th day of October, 1916, the appellant I. L. Hughes made application to the county court of Hunt county to have said will admitted to probate; that on the 25th day of November, 1916, at a regular term of said court, said will was duly and legally probated in the county court of Hunt county, Tex., as the last will and testament of the said S. L. Hughes, and thereafter an inventory of her estate was duly filed and approved by said court; that said inventory showed that the deceased owned at the time of her death an undivided one-half interest in the property described in the plaintiff's petition, said property having been the community property of appellant I. L. Hughes, and his wife Mrs. S. L. Hughes, deceased. A certified copy of the will of Mrs. S. L. Hughes, deceased, was introduced in evidence and is as follows:

"The State of Texas, Hunt County.

"Know all men by these presents, that I, S. L. Hughes of said county and state, being of sound and disposing mind and memory and being desirous to settle my worldly affairs while I have strength so to do, do make this my last will and testament, hereby revoking all others heretofore by me made.

"Item 1st. I desire and direct that my body be buried in a decent and Christianlike manner, suitable to my circumstances and conditions in life.

"Item 2nd. I desire and direct that my just debts be paid without delay by my executor to be hereafter appointed.

"Item 3rd. I give, bequeath and demise to my beloved husband I. L. Hughes all the estate both real and personal or mixed of which I shall die seized and possessed or to which I may be entitled at the time of my demise, with full power and authority to use and to hold the same in any manner he may desire, and at his demise, after being buried in a decent and Christianlike manner, the balance of said estate both real and personal or mixed which shall die seized and possessed or to which he may be entitled at the time of his demise, I desire and direct that said estate be equally divided amongst all of our children or heirs at law as follows: Addie Harkey, Nervada Pearson both of their parts to be for the benefit of them and their boddy heirs and Richard Hughes. Said division is not to take place till after the said Richard Hughes becomes twenty-one years old or his demise.

"Item 4. I nominate and appoint my beloved husband I. L. Hughes be sole executor of this will until his demise then the said Richard Hughes to be sole executor of this will, and direct that no bond or security be required of either one of them as such executor or executor.

"Item 5. It is my will that no other action be taken in the county court in the administration of my estate than to prove and record this will and to return an inventory and appraisement of my estate and list of claims in testimony whereof I have hereto set my hand this 14th day of Aug., A. D. 1906.

"S. L. Hughes.

"Signed, declared and published by S. L. Hughes as her last will and testament in the presence of us the attesting witnesses who have hereto subscribed our names in the presence of said S. L. Hughes at her special instance and request, this 14th day of August, A. D. 1906. C. W. Watson.
"A. Payne."

It was admitted by appellants, defendants in the court below, both by pleading and statements made in open court, that I. L. Hughes had possession of and claimed title to all the property of Mrs. S. L. Hughes, deceased, under said will, including the real estate described in the plaintiff's petition, to which he claimed to have fee-simple title by the terms of said will; and that appellants Addie Harkey and Nervada Pearson nor James Richard Hughes had ever claimed any title or interest in any of the property belonging to the said estate of S. L. Hughes, deceased. When James Richard Hughes made his application for discharge in bankruptcy one of his creditors was arranging to contest the same upon the proposition that he had failed to schedule all his property in that he did not schedule any interest in his mother's estate. It was then agreed between his counsel and counsel for the trustee in bankruptcy that this suit might be brought to have the will in question construed, and that the bankruptcy should continue until this case is disposed of.

McMahon & Dohoney, of Greenville, for appellants.

Clark & Sweeton, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). [1] The granting clause of the will reads:

"*I give,* bequeath and demise *to my beloved husband* I. L. Hughes all the estate both real and personal or mixed of which I shall die seized and possessed or to which I may be entitled at the time of my demise, with full power and authority *to use and to hold the same in any manner he may desire, and at his demise,* after being buried in a decent and Christianlike manner, the balance of said estate both real and personal or mixed (of) which (I) shall die seized and possessed or to which he may be entitled at the time of his demise, I desire and direct that *said estate be equally divided amongst all of our children or heirs* at law as follows: Addie Harkey, Nervada Pearson both of their parts to be for the benefit of them and their body heirs and Richard Hughes. Said division is not to take place till after the said Richard Hughes becomes twenty-one years old or his demise."

According to the general scheme of the will, as shown by the language used, the testatrix clearly intended that her one-half undivided interest in the community property of herself and her husband should pass first to her husband, "with full power and authority to use and to hold the same in any

manner he may desire," and next, "at his demise," that "the balance of said estate" (meaning after deducting the cost of the husband's burial "in a decent and Christian-like manner") 'should be "equally divided amongst all of our children," specially naming them. The words used, by proper construction, operate to pass a less estate to the husband than a fee-simple one. The words "to hold," used as they were in connection with the words "to use," were intended to be taken in the idea of "to keep." Nor does the grant of "full power and authority to use and to hold the same in any manner he may desire" signify the broad power of disposal at will of the property. The free use and occupancy only of the property, as those terms are ordinarily understood in relation to real and personal property, and not the power to dispose of the same, was intended to be given to the husband during his lifetime. "And," as provided, "at his demise" the property was to pass to and vest in the children named. Therefore it is believed that the effect of the will was to vest a life estate in I. L. Hughes, the husband, to the one-half undivided interest of the testatrix in the community property of herself and her husband, with vested remainder in the three children, Addie Harkey, Nervada Pearson, and James Richard Hughes. McMurry v. Stanley, 69 Tex. 229, 6 S. W. 412; Pedigo's Exec. v. Botts (Ky.) 89 S. W. 164; Fuller v. Wilbur, 170 Mass. 506, 49 N. E. 916.

[2, 3] The vested interest of James Richard Hughes passed, as a property right, to the trustee in bankruptcy, and is a subject-matter of sale by him. In re Dorgan's Estate (D. C.) 237 Fed. 507; Pollack v. Meyer Bros. Drug Co., 233 Fed. 861, 147 C. C. A. 535; In re McHarry, 111 Fed. 498, 49 C. C. A. 429; In re Twaddell (D. C.) 110 Fed. 145. The expectancy of an heir is the subject-matter of a sale and conveyance. Hale v. Hollon, 90 Tex. 427, 39 S. W. 287, 36 L. R. A. 75, 59 Am. St. Rep. 819.

It is to be understood and observed that the trustee in bankruptcy is not entitled 'to possession" of the property as against the husband, who is now living.

The judgment is affirmed.