CHARLES H. NOONAN, Appellant, v. STATE BANK OF LIVERMORE et al., Appellees.

No. 40436.

DECEMBER 9, 1930.

*McGrath, Archerd & McGrath,* for appellant.

*Coyle & Coyle* and *John Cunningham,* for appellees.

ALBERT, J.—John Noonan died testate March 26, 1919, and his will was probated on October 18th of that year. The material part of the same, so far as this litigation is concerned, is as follows: He first provided for the payment of his debts, then made a special bequest of $150 to his sister, and proceeded as follows:

"After the payment of the above items, I will, devise and bequeath all of the remainder and residue of my property, both real, personal and mixed, to my brother Peter Noonan, for and during the term of his natural life, the said Peter Noonan to have the use and profits arising from said property for and during

the term of his natural life. The said Peter Noonan is not to have the right to sell or encumber any of the real estate.''

The will then made provisions as to a mortgage on the 80 acres on which Noonan lived, and then said:

''After the death of my said brother Peter Noonan, then I will, devise and bequeath said property to the legal heirs of the said Peter Noonan.''

Peter Noonan died on or about January 6, 1929. Charles H. Noonan is one of the five children of Peter Noonan. He filed a voluntary petition in bankruptcy on August 6, 1928, was adjudged a bankrupt, and was discharged October 28, 1928. He listed the property in controversy herein in the bankruptcy proceedings, stating that he owned an undivided one-sixth interest, subject to the life estate of his father, Peter Noonan. In the regular course of the bankruptcy proceedings, the trustee sold a one-fifth interest in this land to the defendant the State Bank of Livermore, and delivered deed accordingly. This deed was delivered prior to the death of Peter Noonan, and defendant paid a valuable consideration therefor.

After the death of Peter Noonan, and on the 23d day of December, 1929, Charles H. Noonan instituted this proceeding in equity against the State Bank of Livermore, to quiet title in the plaintiff, subject to an outstanding first mortgage in the sum of approximately $900. The only question in the case is whether or not the State Bank of Livermore acquired any interest in this land by reason of the deed it received from the trustee in bankruptcy.

In 1 Federal Statutes Annotated (2d Ed.) 1150, it is said that a trustee in bankruptcy is vested by operation of law with the title of the bankrupt in (Subdivision 5, page 1171) property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. It will be noted that this section covers two kinds of property: First, any property which could by any means have been transferred by the bankrupt; second, any which might have been levied upon and sold under judicial process against him. It is evident under this section of the Federal statute that the question of whether any interest in property would pass to the trustee of a bankrupt depends upon

the statutes and decisions of the local state. The question in its finality, therefore, is: What interest, if any, did the plaintiff, Charles H. Noonan, take under this will, under the law of this state, if his interest was a vested remainder?

The Federal court seems to hold, in an unbroken line of cases, that it passed to the trustee. *In re Wood,* 98 Fed. 972; *In re Shenberger,* 102 Fed. 978; *In re St. John,* 105 Fed. 234; *In re Twaddell,* 110 Fed. 145; *In re McHarry,* 49 C. C. A. 429 (111 Fed. 498); *In re Haslett,* 116 Fed. 680; *Woods v. Little,* 67 C. C. A. 157 (134 Fed. 229). See, also, *Loomer v. Loomer,* 76 Conn. 522 (57 Atl. 167); *Forbes v. Snow,* 245 Mass. 85 (140 N. E. 418); *Hughes v. Beall* (Tex. Civ. App.), 264 S. W. 171.

If it is held that the interest taken by the plaintiff was a contingent remainder, then, under the Federal statute, the question arises: Could the plaintiff ''by any means have transferred'' his interest in this property? We have settled this question in the case of *McDonald v. Bayard Sav. Bank,* 123 Iowa 413, where we held, in fact, that the contingent interest of a remainderman is such a present and existing one as to be susceptible of conveyance by deed. We again recognized this doctrine in *McNair v. Sockriter,* 199 Iowa 1176, and *Saunders v. Wilson,* 207 Iowa 526. This seems to be the general rule as to rights under contingent remainders. For an elaboration, see 48 A. L. R. 786 and cases there cited.

The bankruptcy proceedings instituted herein were voluntary on the part of the plaintiff, and he listed his interest in this property as a part of his assets. By this voluntary act on his part, he parted with whatever interest he had to the trustee, and the trustee had the right to sell and dispose of the same and to give the purchaser a good title. Plaintiff, however, insists that, at the time he instituted this bankruptcy proceedings, he had no interest whatever in said property, either vested, contingent, or otherwise. It is apparent from the bankruptcy proceedings that he believed, at the time those proceedings were instituted, that he had an interest, for he so recited in his schedule. Aside from this, however, we are disposed to think he did have an interest in said property, contingent wholly, of course, upon whether or not he survived Peter Noonan.

Section 10042, Code, 1927, reads as follows:

''Every conveyance of real estate passes all the interest of

404

the grantor therein, unless a contrary intent can be reasonably inferred from the terms used."

The written schedule filed by the plaintiff in the bankruptcy proceedings in which he scheduled his interest in this real estate, together with the provisions of the Federal statute, operated, in effect, as a conveyance by him to the trustee in the bankruptcy proceedings, and, of necessity, carried any and all interest he may have had in said real estate. We conclude, therefore, that the holding of the district court that, on the showing made, plaintiff's petition is without equity, was correct, and the decree entered in favor of the defendant bank was right.—*Affirmed*.

MORLING, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.