## KRAPFEL v. PFIFFNER *et ux.*

Practice: IN SUPREME COURT : CHANCERY CAUSE TRIABLE BY SECOND METHOD. The Supreme Court will not try a chancery cause *de novo* where the evidence submitted to the court below is not in the record ; and it will not review a decree in a chancery cause triable by the second method, where no exceptions were preserved to the ruling of the court below.

### *Appeal from Dubuque District Court.*

### FRIDAY, DECEMBER 28.

HOMESTEAD : PRACTICE, etc.— The present contest is between the plaintiff and Vulmer, the appellant.

In April, 1857, Pfiffner *alone*, his wife not joining, executed a mortgage upon his homestead to Vulmer, which was duly recorded. This is the oldest instrument in controversy. Afterward, in September, 1857, Pfiffner alone, his wife not joining, executed another mortgage to Theriot upon the same property, which was also recorded. In December, 1858, *Pfiffner and wife* executed a mortgage upon the same property, being the one under which

the plaintiff claims. In September, 1864, Theriot obtained a county treasurer's tax deed of the property for the delinquent taxes of 1859. In October, 1864, plaintiff brought this action to foreclose his mortgage, making Pfiffner and wife, Theriot and Vulmer parties.

Mortgagors made default. Theriot filed answer and cross-petition, claiming to be the owner under his tax deed; but failing in this, praying a forclosure of his mortgage. In 1865, a decree was entered sustaining Theriot's tax deed and adjudging ownership in him by virtue thereof.

Afterward this decree was opened as to Vulmer, who had been served by publication only, and he was allowed to defend and to file cross-bill claiming a foreclosure of his mortgage. Theriot answers and alleges that he has conveyed all his interest to Krapfel, the plaintiff. The plaintiff answers Vulmer's cross-bill, setting up, first, that Vulmer's mortgage was void because executed by Pfiffner *alone* upon his homestead; second, that plaintiff was the owner by virtue of the tax deed, having purchased the interest of Theriot.

It was admitted, "that, in 1850, Pfiffner became the owner of the lot (less than half an acre), and erected thereon a small cottage dwelling-house, which he, with his wife, entered upon and occupied as their dwelling and have continued to occupy the same down to the present time."

On the hearing, the court dismissed Vulmer's cross-bill, and he appeals.

*Bissell, Shiras & Ballou* for Vulmer (appellant).

*F. Gottschalk* for Krapfel (appellee).

DILLON, J. — I. The record entry recites "that this cause came on to be heard upon the answer, and cross

Krapfel v. Pfiffner *et ux.*

PRACTICE: in Supreme Court. petition of Maritz Vulmer, and the issues raised thereon by the pleadings; also, *the testimony taken by the referee*, and the statement of facts agreed upon by counsel, and the court being fully advised, orders and decrees, that the cross petition of said Vulmer be dismissed." We must affirm this decree, because the record before us does not contain the testimony taken by the referee.

If to be regarded as a foreclosure proceeding, and triable by the second method (Rev. §§ 2999, 3000), it is further to be observed, that there are no exceptions noted or preserved to any ruling or decision of the court, and on appeal, this court (§ 2999, subdiv. 3) can, in cases triable by the second method, "try only the legal error thereof, duly presented as in a case by ordinary proceedings," etc.

We have less regret in making this disposition of the cause, since, upon the appellant's own showing and argument, he cannot prevail unless this court shall overrule the case of *Alley* v. *Bay* (9 Iowa, 509).

This we are not prepared to do. See further, 1 Am. Law Reg. (N. S.) pp. 707, 708, and cases cited.

II. Vulmer in his cross-bill, prayed in due form a judgment against Pfiffner, for the amount of his note, and a decree of foreclosure. Pfiffner answered, and admitted the execution of the note to Vulmer, and did not defend against it. Vulmer did not except to the decree, and the same must, for this reason, be affirmed; but we order it to be done without prejudice to his right to recover from Pfiffner on his note, in any action he may hereafter bring.

Affirmed.