## LYNCH v. LYNCH.

**Practice:** ON APPEALS OF EQUITABLE ACTIONS. On an appeal of an equitable action tried by the second method of trying equitable causes, the Supreme Court will not consider the case *de novo* but only upon the legal errors properly presented, as in case of an ordinary action. And this rule is not changed by the fact that the case was one triable by the first method, and was only tried by the second method by consent of, or agreement between, the parties.

*Appeal from Linn District Court.*

WEDNESDAY, DECEMBER 20.

Thomas Lynch, the father, commenced this proceeding in equity, to set aside a deed made to the defendant, his son, alleging that it was obtained by fraud, upon an agreement to reconvey, etc. The making of the deed is admitted in the answer, and every other material allegation denied. The parties, by written agreement, tried the case, by the *second* method of trying equitable actions. It was submitted to a jury; verdict for defendant, and plaintiff appeals.

*Thomas Corbett* for the appellant.

*Thompson & Davis* for the appellee.

WRIGHT, J. — Appellant maintains that the case is to be heard *de novo* in this court, precisely as though it had been tried according to the *first* method of trying equitable issues; that the calling of the jury was merely to inform the conscience of the chancellor, etc. The law is otherwise, however; for the statute expressly declares that in cases *tried* by " the *second method*," the Supreme Court " on appeal shall try only legal errors, *as in a case by ordinary proceedings*." § 2999, cl. 3. It is thus written, and from this declaration there is no escape. It makes no difference, that in the absence of

agreement the case was regularly triable by the first method. For all purposes connected with the appeal, it was but a proceeding " by ordinary " after the change in the method of trial. And so it has been ruled. *Krapfel* v. *Pfiffner*, 24 Iowa, 176; *Cole* v. *Cole*, 23, id. 433; *Snowden* v. *Same*, id. 459.

It is, however, further insisted, that, under the testimony, the verdict should have been otherwise. Upon the facts, hearing the case *de novo*, we should be prepared to affirm the decree. Of course we should be the more bound to do so, treating the case, in effect, as a law action.

Affirmed.