MALLORY v. LUSCOMBE *et al.*

Practice: IN EQUITABLE ACTIONS TRIED AS ORDINARY. In the review
of equitable actions tried by the second method of trying equitable
actions, the supreme court is limited to the correction of errors at
law the same as in an ordinary action, and the finding of the court
below on the facts will be treated the same as the verdict of a jury.

*Appeal from Tama District Court.*

SATURDAY, APRIL 8.

ACTION for the foreclosure of a mortgage executed by
John Luscombe, Jr., to the plaintiff. John Brown claims
to be the owner in fee of the land by a conveyance from
John Luscombe, Sr. Trial by the court and judgment for
defendant Brown. Plaintiff appeals. The further facts
are stated in the opinion.

*Boardman, Brown & Williams* for the appellant.

*Stivers & Safely* for the appellees.

MILLER, J. — In the answer of the defendant, John
Brown, it is alleged that John Luscombe, Sr., was the true
owner of the mortgaged premises; that the mortgagor,
John Luscombe, Jr., never had any right, title or interest
whatever in the land, nor was his act in mortgaging the
same ever ratified by the real owner; that Brown pur-

chased the land from the father and real owner. The cause was tried by the court without a jury, and its findings are to be regarded in the same light as the verdict of a jury in an ordinary action. Rev., §§ 2999, 3000; *Snowden* v. *Snowden*, 23 Iowa, 457.

In the review of equitable actions tried by the second method, this court is limited to the correction of errors at law. *Snowden* v. *Snowden, supra.*

The appellant's assignment specifies four errors, but are resolvable into one, viz.: that the judgment is not sustained by sufficient evidence.

Treating the finding of the court as the verdict of a jury, we will not disturb it unless the same is clearly and manifestly unsupported by the evidence. The appellant does not claim in his argument, that there is *no evidence* in support of the finding of the court. His entire argument is upon the weight of the evidence as an original question in this court, to be tried and decided here as an equitable action triable by the first method.

The evidence tends to show that John Luscombe, Sr., in 1864, while residing in the State of Illinois, sent his son, John Luscombe, Jr., to Iowa with a team belonging to the father, with instructions to trade it for land; that the son came to Tama county with the team, and there traded it for the land in controversy, to one Henry Wright, taking from him a bond for a deed upon the payment of a note for $40, the balance of the purchase-money. The bond, under the direction of the son, ran to John Luscombe, and the note was made by the young man in that name. The bond was left by the young man with J. H. Struble, who drew the writings, with instructions to record the same and send to John Luscombe, Lanark, Carroll county, Ill., which was the residence and post-office address of the father, John Luscombe, Sr.; that there was nothing said at the time whether the young man was making the trade for himself or for his father; that the bond was sent as directed

and received by the father, who sent the money to pay the note of $40 at its maturity, and the deed, when executed and recorded, was sent by Mr. Struble to the address and according to the instructions given at the time of the trade by the son, and were duly received by the father; that the son never had the deed in his possession except once, a year or two after it was sent to his father, when it was given to him for the purpose of finding the land; that, before the time of the execution of the mortgage, the mortgagee had notice that the father claimed to be the owner of the land, and that Brown purchased without knowledge of the mortgage.

If it is true that the land was purchased by the son *for the father and with his funds*, and in the father's name, most certainly the latter was both the equitable and legal owner. He would have been the equitable owner had the deed been taken in the name of another. *Harris* v. *Stone*, 15 Iowa, 273, and cases there cited. See also *Sunderland* v. *Sunderland*, 19 id. 325, and cases cited in opinion of DILLON, J.

And if it is also true that the appellant had notice of the true ownership when he took his mortgage, then the judgment of the court below is right. We have seen that the evidence tends to establish these propositions, and the court so found; and, although there was conflicting evidence, we will not disturb the judgment, which is

Affirmed.