## JONES v. CLARK.

1. **Evidence:** STIPULATION OF ATTORNEYS. A stipulation in writing by the attorneys of the parties to the effect that the proof shows a certain state of facts, is admissible in evidence upon an issue joined after the filing of such admission.

2. —— TROVER: CONVERSION. The plaintiff claims certain personal property which, upon a trial of issues then joined, was found to belong to defendant, but he was not awarded the value of the same. In a subsequent trial on another issue as to defendant's right to recover the value of the property it was urged that acts of conversion by plaintiff before the judgment settling the right of property in defendant were not admissible in evidence, but the court held otherwise, and that the same might be considered as evidence establishing plaintiff's liability.

3. **Demand:** WHEN NECESSARY. A demand for the possession of personal property in an action for its value, is not necessary where the possession was wrongfully acquired, or where both parties claim title to the property.

4. **Practice:** REVIEW OF EQUITABLE ACTIONS. An equitable action triable by the first method, but which is in fact tried by the second method, is, on appeal to the supreme court, to be tried on errors appearing in the record the same as an ordinary action.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 11.

ACTION in chancery. There was a trial upon an issue joined on a cross-bill filed by defendant, and a verdict and judgment for plaintiff. Defendant appeals. The facts involved in the points ruled appear in the opinion.

*Shiras, Van Duzee & Henderson* for the appellant.

*Adams & Robinson, Monroe & Deery* for the appellee.

BECK, Ch. J. — This is the fourth time this cause has been in this court. Decisions upon different questions arising in the progress of the case will be found in 28 Iowa, 593, 31 id. 497, and 32 id. 590. The facts and history of the case appear in the different opinions rendered by this court. The trial in which the judgment was rendered that is now for review upon the present appeal was upon an issue joined on a cross-petition filed by defendant, and involved the conversion of certain boilers by plaintiff, the property in which had been settled to be in defendant by a prior decision and judgment in the case, without determining the fact of conversion by plaintiff and his consequent liability therefor. In the original petition plaintiff claimed the boilers to be his property ; in an answer and amended answer and cross-bill defendant claimed the ownership of the boilers, and in the last-named pleading claimed to recover the value thereof. The right to the property having been settled by a prior judgment in the cause, the issue in this case only involves plaintiff's liability for the value of the boilers and interest thereon, plaintiff contending that he had not converted the boilers, and that they, in fact, after defendant's right thereto had been settled, had been in his possession.

I. During the progress of the trial defendant offered in evidence a stipulation, filed before the referee who had tried the cause, and signed by plaintiff's attorneys, admitting that plaintiff had taken possession of the personal property upon certain premises he had entered upon, and that subsequently his agent had refused to deliver to another defendant in the action certain property claimed by him, and had prevented him taking the same. The premises in question are those of a lead mine or "diggins," and the personal property referred to was such machinery, tools, etc., as were used in mining there. The tools and machinery aforesaid, as well as the boilers in controversy, as above stated, are claimed in plaintiff's petition to be his property. The stipulation was not admitted in evidence by the court, and this ruling is the ground of the first assignment of error. We think the paper was competent evidence and ought to have been admitted. It was a paper in the case — an admission of plaintiff's attorneys, of record, that seems to have been given for the very purpose of dispensing with proof of the fact admitted. It was to be used in the case, and defendant offered it upon the trial of an issue arising therein for the very purpose for which it seems to have been executed. That the attorneys had power to make the admission in the form in which it appears cannot be doubted. *Ayres* v. *Hartford Fire Ins. Co.*, 17 Iowa, 177.

1. EVIDENCE.

It is claimed by plaintiff that the paper was rightly excluded, because it does not show on its face that it covers the property in controversy, and no evidence was introduced to show that it does, nor was an offer made to introduce such evidence. But no such objection was made to the introduction of the paper at the trial; the objection then made was based on the ground of its incompetency and irrelevancy. Had the objection here urged been made at the trial it could have been answered by an offer to follow it up with the required proof, if it had been deemed necessary. It is said, too, that the paper does not appear to have been filed in the case, but the abstract before us shows differently. It is also urged that it is not an

admission of fact, but of what is shown by the proof in the case. We are unable to see the force of this distinction. By admitting a fact to be proved, the plaintiff must be understood to admit the fact. It is next claimed that the issues now are different from what they were when the admission was signed. This may be, but the paper was signed with reference to the fact admitted, and not the issue in the case. It can be used for any purpose in the case, and would be admissible even in another action. *Ayres* v. *Hartford Fire Ins. Co., supra.*

II. The instructions given to the jury announce the rule that to entitle defendant to recover the value of the boilers it must appear that plaintiff, after defendant's right to the property was established in the action, detained or converted the property, or refused to yield obedience to the decree establishing defendant's right. The thought is, that plaintiff's liability must be based upon acts done after defendant's right to the property was determined by the decree in this case, and that his acts before may not be considered as evidence establishing his liability. The rule, in our opinion, is erroneous.

2. —— trover: conversion.

If plaintiff held possession of the boilers, claiming them as his own and denying defendant's right of property and of possession, at or before the time in which the court adjudged the property to belong to defendant, this was a conversion which rendered plaintiff liable for the value of the property. Considering that defendant set up no claim for the value of the boilers until after that judgment, when he filed his amended cross-bill, he could well base such claim upon the prior conversion, and he would be entitled to recover thereon if plaintiff had not surrendered his possession to defendant. Plaintiff's possession being proved, it would be presumed to continue until it was shown to have ceased, and his liability having been established by proof of his possession, would be presumed to continue until he should show his discharge therefrom, by the surrender of the property or defendant's subsequent possession. If possession in plaintiff prior to the judgment was

shown, it devolved on him to establish surrender thereof, and not on defendant to show acts of conversion after.

It is argued by counsel that plaintiff may have contested defendant's right to the property without having converted it. That is true, and if the evidence discloses such a state of facts it would fail to establish plaintiff's liability. But it cannot be assigned as a reason why defendant cannot establish the conversion by acts of plaintiff, before the judgment. Suppose the evidence should disclose the fact to be that plaintiff had the possession of the property, claiming it as his own and resisting defendant's right to take the property; and that while plaintiff thus held the boilers, they were, by the decree of the court, declared to be defendant's property, but no judgment for their value was rendered against plaintiff; even in a new suit to recover the value of the property, defendant would be required to show nothing more than such prior conversion and possession of the property by plaintiff. Conversion at any time being established, plaintiff would be liable unless he should show that subsequently he had surrendered the property to defendant, or that defendant had come into its actual or constructive possession. The error of the court, then, was in fixing any time at or subsequent to which the conversion must be shown. It may be shown to have occurred at any time; when so established the burden is on plaintiff, to prove that he subsequently surrendered the possession, or that the property came into defendant's possession. The judgment of the court declaring that defendant had the right to the boilers did not operate to give him either the absolute or constructive possession. The property at that time may not have been in existence, or may have become valueless, or may have been disposed of by plaintiff so that it could not have been recovered, or plaintiff may have refused to surrender it. It was not for defendant to show these things to entitle him to recover. But it was for plaintiff to show if conversion at any time was established in order to defeat recovery thereon, that he had, after the conversion, surrendered to defendant the possession, or that defendant had come into

the actual or constructive possession of the property. These views, it will be readily seen, are not inconsistent with those expressed in one of the former opinions announced by us in the same case. See 31 Iowa, 497.

III. An instruction in effect directs the jury that if plaintiff did not take actual possession of the boilers, defendant cannot recover without proving a demand. This instruction would be correct if there could be no conversion by plaintiff without actual possession having been taken by him. But plaintiff may have converted the boilers, sold or disposed of them, claiming them as his property, without having had the actual possession. In that case he would have been liable for their value, on the ground that he had converted them to his own use. In such a case we think the same rule would apply as though the conversion had been by taking actual possession. This court has held that in actions of replevin and detinue a demand is unnecessary to be shown when the property is taken wrongfully. *Robinson* v. *Keith & Snell*, 25 Iowa, 321; *Delancy* v. *Holcomb*, 26 id. 94. And when both parties claim title to the property and the right of possession, no demand is necessary to support an action of replevin. *Smith & Co.* v. *McLean*, 24 Iowa, 322. The same rules ought to apply in other forms of action when the rights of parties to recover for the value of property taken and converted are involved. In any case where it is required, a demand is shown for the purpose of establishing the fact that the right of possession of the party upon whom it is made is terminated or the right of possession of the other party is conferred thereby, the law presuming the possession to be lawful until it is disputed by a demand. But when the possession is held under a claim of title, which is determined to be unlawful, it is obvious that a demand is not required, for the possession in that case is not lawful. See *Smith & Co.* v. *McLean*, *supra*.

The instructions should have been refused, which are in conflict with the foregoing views; those asked by defendant that

accord with them should have been given. The rulings of the court thereon were therefore erroneous.

IV. The trial of the issue wherein the judgment before us for review was rendered, was by the second method. The appeal brings this branch of the cause here for trial upon errors appearing in the record as in a cause by ordinary proceedings. Rev., § 2999; *Lynch* v. *Lynch*, 28 Iowa, 326; *Mallory* v. *Luscomb*, 31 id. 269; *Snowden* v. *Snowden*, 23 id. 457. We cannot, therefore, as urged by plaintiff's counsel, disregard erroneous rulings of the court, and the verdict of the jury found thereunder, and look to the whole evidence in the case and decide thereon. The cause, as it is presented by the appeal, cannot be tried *de novo* here.

4. PRACTICE.

For the errors above pointed out the judgment is reversed, and the cause remanded for further proceedings in harmony with this opinion.

Reversed.