SCHMELTZ v. SCHMELTZ.

1. **Practice in the Supreme Court**: APPEAL: CHANGE OF STATUTE. Chapter 145, laws of 1878, being a. substitute for section 2742 of the Code, relates to the manner of trial of equitable actions and does not apply to actions commenced before its enactment.

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 8.

ACTION in chancery for a divorce and alimony. There was a decree granting the relief prayed for, and certain lands owned

by defendant were set apart for the alimony of plaintiff. Defendant appeals.

*G. G. Carstens*, for appellant.

*J. Carskaddan*, for appellee.

BECK, CH. J.—I.   Upon motion of plaintiff the defendant was required by a proper order of the court to pay $20 per month for the support of plaintiff, and $50 to enable her to prosecute this action; with this order defendant failed to comply.   Thereupon the answer of defendant was, on motion of plaintiff, stricken from the files because of his default and contempt in disobeying the order of the court and failing to render any excuse therefor.   Thereupon the cause was submitted to the court upon the petition of plaintiff and the testimony of witnesses examined in court.   A decree was rendered granting the relief prayed for by plaintiff.   Certain lands were set apart to her as alimony.   There were no exceptions taken to the rulings and decree of the court, and the record before us contains no part of the testimony upon which the case was tried. The plaintiff assigns errors assailing the ruling of the court striking defendant's answer and the decree.

II.   The cause cannot be tried here *de novo*, for the reason that the evidence is not found in the record.   But it may be tried upon errors assigned as a case at law.   *Jordan v. Wimer et al.*, 45 Iowa, 65.   Being so tried it is subject to the rules governing the trial of cases at law, which are submitted on errors assigned upon the record.   *Snowden v. Snowden*, 23 Iowa, 457; *Jones v. Clark*, 37 Iowa, 586; *Lynch v. Lynch*, 28 Iowa, 326; *Mallory v. Luscombe et al.*, 31 Iowa, 269.

In such cases we will consider no ruling which was not the subject of proper exception in the court below.   This is a familiar rule and of constant application.   It is recognized by many decisions of this court.   See Withrow & Stiles' Digest, page 957, section 509, where many of the decisions are collected..

The reasons upon which this rule is based require its appli-

cation to equity cases tried upon errors in this court. In all cases so tried, this court reviews the decisions of the court below. It is the duty of the parties to direct the attention of the court below to objections to decisions, if they exist, to the end that they may be considered and determined. This is necessary for the fair and correct administration of justice in the trial of a chancery action as well as actions at law.

· III.   We have considered this case under the law as it existed prior to the repeal of Code, section 2742, and the substitution therefor of chapter 145, acts Seventeenth General Assembly.   Whether, under the change in the statute wrought by the last named act, chancery cases may be tried in this court upon errors, we need not determine. If it shall be found that they may not be so tried, this would not dispose of the case, for we are of the opinion that it is not affected by the last named statute, having been commenced prior to its enactment.   The change relates to the manner of trial.   The right to a trial in a manner secured by statute is not taken away by the repeal thereof.   Code, section 45, part one; *Brotherton v. Brotherton*, 41 Iowa, 112; *Wadsworth v. Wadsworth*, 40 Iowa, 448.

1. PRACTICE in the supreme court: appeal: change of statute.

We think, under the statutes and decisions of this court applicable to the case, it is triable in this court upon errors assigned upon the record, in the same manner as an action at law.   But as no exceptions were taken to the rulings and decision of the court below they cannot be reviewed upon this appeal.   The decree of the District Court, therefore, must be

'   AFFIRMED.