ARGALL ET AL. v. PUGH.

1. **Practice:** CONTINUANCE: DILIGENCE. An application for a continuance to procure testimony held to have been correctly overruled for want of a sufficient showing of diligence.

2. **Practice in the Supreme Court:** TRIAL DE NOVO. To authorize the trial *de novo* of an equity case by the Supreme Court all the evidence offered, as well as introduced, on the trial below must be before the court, and must have been certified by the judge at the trial term.

3. ——: ——. An equity case not triable *de novo* can be reviewed only on errors assigned, and as to questions raised in the trial court.

*Appeal from Harrison Circuit Court.*

MONDAY, JUNE 13.

ACTION in chancery to quiet the title to certain land. Appellant was, with others, made a defendant and the petition alleges that he claims some interest and title in and to the property adverse to the title of plaintiffs. The relief prayed for in the petition is that plaintiff's title be established and declared to be paramount to the claims of defendant; general relief is also sought in the petition. A decree was rendered for plaintiffs upon a trial on the merits; defendant appeals.

*Smith & Clyde,* for appellant.

*Barnhart & Cadwell,* for appellees.

BECK, J.—I. The petition was filed on the 9th day of February, 1880, and service by publication was made upon defendant. At the appearance term, in March following, defendant filed his answer denying that plaintiffs are the unqualified owners of the land, and averring that their grantee executed to defendant a mortgage thereon to secure a promissory note by him executed to defendant, which is due and remains unpaid and is still his property. It is shown that

the mortgage was duly recorded. Defendant alleges that whatever interest or estate the plaintiffs have in the land is subject to his mortgage, and asks that a decree be entered so declaring. The plaintiffs by a reply denied the allegations of defendant's answer. The court ordered the cause to be tried at the next term upon deposition, fixing the time within which each party should take proofs. About the expiration of the time wherein defendant was required to take depositions, he applied to the judge of the court at chambers for an extension thereof, which was refused upon the ground that the judge in vacation had no authority to extend the time. This action of the judge was not made the ground of an exception. It cannot, therefore, be reviewed upon this appeal.

II. At the next term the defendant's attorney made an application for a continuance on the ground of the absence of

1. PRACTICE: continuance: diligence.

the testimony of his client, which was, we think, correctly overruled. The application failed to show the exercise of due diligence to procure the testimony of the defendant. It is shown that he is a resident of California and that his attorney for more than two months before the term was in communication with him. Yet it is not shown that during the time any steps were taken to secure his testimony. Surely it cannot be denied that inaction for so long a time shows want of the diligence required by the law. The motion, in our opinion, was rightly overruled.

III. The plaintiff filed an amended abstract denying that the record of the court below shows that all the evidence

2. PRACTICE in the supreme court: trial de novo.

offered upon the trial is preserved by proper certificate. We have held that to authorize a trial *de novo* in this court the evidence offered, as well as that admitted, must be before us. *Taylor & Co. v. Kier*, 54 Iowa, 645.

The record before us shows that at the term following the one at which the case was tried the judge made and filed a certificate showing all the evidence offered and admitted.

Argall v. Pugh.

But this certificate was not made in time. We have held that a certificate made at the term next after the trial does not comply with the statute. *Cornell v. Cornell,* 54 Iowa, 366.

IV. The defendant insists that the petition should have been dismissed as to him, for the reason that an action to quiet title cannot be maintained against one holding a mortgage lien upon the land. The question of law here presented we cannot decide, for the reason that it was not raised in the court below. No objection upon this ground was urged there; indeed the defendant in his answer seems to concede that the existence and validity of the mortgage was properly involved in the action, for in his answer he prays that it may be established as paramount to plaintiff's title. We cannot consider the objection for the reason that it was first made in this court. See *Schmeltz v. Schmeltz,* 52 Iowa, 512, and cases referred to therein.

V. For another reason we cannot consider this motion. While the case is not triable *de novo* here, it may be tried upon errors assigned. *Schmeltz v. Schmeltz, supra.* The defendant has assigned certain errors, but none of them cover this point. We cannot consider questions not raised by the assignment of errors. Code, § 3207; see, also, cases cited under this section in Miller's Code.

The foregoing decision disposes of all points and objections raised in the argument by defendant's counsel. We cannot disturb the decree of the court below. In view of the disposition we make of the case, it becomes unnecessary to pass upon a motion made by plaintiff to strike defendant's amended abstract.

AFFIRMED.