J. H. HOPKINS, Appellant, v. JOHN DINEEN *et al.,* Appellees.

**Appeal**: INSUFFICIENT RECORD: DISMISSAL.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

THURSDAY, FEBRUARY 2, 1893.

ACTION to abate a nuisance. Decree for 'defendants. Plaintiff appealed.—*Affirmed.*

*Carter & Brown,* for appellant.

No appearance for appellees.

GRANGER, J.—The defendants are John and Dan Dineen and John Arensdorf. The petition shows that Arensdorf was the keeper of a saloon and the defendants Dineen the owners of the premises on which the nuisance was maintained, and that they had knowledge of the fact as to their use. Application was made for a temporary writ of injunction, which, upon evidence produced, was granted as to Arensdorf and refused as to the other defendants. At the final hearing all the defendants were upon the return of the original notice adjudged in default, and a decree entered against Arensdorf November 6, 1890. As a further judgment entry the following appears: "And now, at this time, to wit, November 11, 1890, this cause coming on for further hearing, plaintiff appears by his attorneys, Carter & Brown, and thereupon all the evidence heretofore offered as to John Dineen and Dan Dineen on application for temporary writ now offered by the plaintiff as against them for permanent writ, and the court, being fully advised in the premises, finds that the temporary writ should be denied. Accordingly it is the order and judgment of the court that the

permanent writ of injunction as to the above-named defendants be, and the same is hereby, denied.''

.It is this judgment as to the defendants Dineen of which complaint is made here, and it is insisted that because of their default there should have been a decree against them as prayed, and appellant relies upon *Bell v. Glaseker*, 82 Iowa, 736, and the reliance is directly upon the legal effect of the default as admitting the allegations of the petition. The difficulty we encounter in sustaining the claim of the appellant is the condition of the record before us. The judgment complained of does not seem to have been based upon the facts as shown by the default, but upon facts as disclosed by evidence offered by the plaintiff. The evidence submitted is not in the record, and therefore we can not try the cause *de novo*. If not triable *de novo*, it must be tried, if at all, upon errors assigned. See *Schmeltz v. Schmeltz*, 52 Iowa, 512, and cases there cited. Also *Patterson v. Jack*, 59 Iowa, 632. There is no assignment of errors in the case, and hence nothing for our review.

The judgment below is AFFIRMED.