WILLIAM GOTSCH et al., Appellees, v. L. L. SCHOENJAHN et al.,
Appellants.

**APPEAL AND ERROR:** Review—Equitable Action—Absence of Evidence. Trial *de novo* in the Supreme Court is impossible in the absence of the evidence. (See Book of Anno., Vol. 1, Sec. 11433 *et seq.*)

**APPEAL AND ERROR:** Exceptions—Necessity for. Error (if it be error) in dismissing an action (1) without prejudice, (2) in the absence of the defendant, (3) without notice to him, and (4) without taking evidence thereon, will not be considered on appeal when the record shows that no exception was entered to the ruling in the trial court. (See Book of Anno., Vol. 1, Sec. 11536.)

**APPEAL AND ERROR:** Harmless Error—Error Rendered Inconsequential. Error in overruling a plea in abatement of an action because of the pendency of another action becomes inconsequential by the later voluntary dismissal of the action by the plaintiff.

**COURTS:** Jurisdiction—Stipulation—Effect. A stipulation in an equity cause that testimony may be taken before any judge of the district does not deprive the court of the county wherein the action is brought of jurisdiction.

**PLEADING:** Amendments—Notice of Amendment Unnecessary. A plaintiff who at one stage of the pleadings wholly withdraws his claim for personal judgment against the defendant may later, by proper amendment, reassert such claim *without notice* to the defendant who has appeared, personally and by counsel, and is actively contesting the relief sought by plaintiff. (See Book of Anno., Vol. 1, Sec. 10833, Anno. 16.)

**MORTGAGES:** Foreclosure—Allegation of Mortgageable Interest. A mortgagor is presumed to have a mortgageable interest in the property mortgaged, and is estopped to assert the contrary.

Headnote 1: 4 C. J. p. 727. Headnote 2: 3 C. J. p. 931. Headnote 3: 4 C. J. p. 929. Headnote 4: 15 C. J. p. 822. Headnote 5: 31 Cyc. p. 390. Headnote 6: 21 C. J. p. 1069; 27 Cyc. p. 1614 (Anno.)

*Appeal from Crawford District Court.*—E. G. ALBERT, M. E.
HUTCHISON, and R. L. McCORD, Judges.

MARCH 9, 1926.

REHEARING DENIED JUNE 21, 1926.

THIS is an appeal from an order of court overruling certain pleas in abatement and special appearances to the court's jurisdiction. The pleas are based upon the ground that another action between the same parties was pending in said court, whilst the special appearances are predicated on the thought that one of the defendants (Joehnk) was entitled to notice of the filing of a certain amendment. Defendants appeal.— *Affirmed.*

*B. I. Salinger,* for appellants.

*Andrew Bell* and *Sims & Page,* for appellees.

DE GRAFF, C. J.—This appeal presents only alleged errors of law in an equitable proceeding involving foreclosure of mortgages. The evidence adduced at the trial has not been abstracted or presented to this court.

In the March, 1924, term of the Crawford County district court, the plaintiffs, respectively, commenced two actions to foreclose mortgages. Testimony was taken and the causes argued before the Honorable E. G. Albert, then judge of said district court. After the hearing, the defendants were ordered to file briefs, which they did, and the cases were taken under advisement. In December of 1924, the plaintiffs made a written and sworn application to have the submission set aside, and later in the same month, plaintiffs dismissed the foreclosure suits, and obtained in each of them the following entry:

1. APPEAL AND ERROR: review: equitable action: absence of evidence.

"Now at this time, to wit, December 30, 1924, this cause is dismissed without prejudice before final submission. E. G. Albert, Judge."

Such dismissal was made in the absence of defendants, without notice to them, and without the taking of evidence thereon. The complaint is that the court erred in entering the dismissal "without prejudice" after submission, and asserts that the court should have entered a decree on the merits.

No exceptions were taken to the order of the court dismissing said action, either in the order itself or thereafter.

It has been the rule of this court for many years that, in an equity case, where the proper steps are not taken to secure a trial *de novo* in this court, and no exceptions to the order of the court below were taken, this court can-not consider such a case on an appeal. See *Richards v. Hintrager*, 45 Iowa 253; *Powers v. County of O'Brien*, 54 Iowa 501; *Fink v. Mohn*, 85 Iowa 739; *Krapfel v. Pfiffner*, 24 Iowa 176.

2. APPEAL AND ERROR: exceptions: necessity for.

Since we decline to consider the assignment of error as to the dismissal without prejudice of the first two cases, the next prop-osition is that wherein error is alleged in overruling the pleas in abatement. If, as we hold, the order of the lower court dismissing said causes with-out prejudice cannot be reviewed in this court, under the state of the record, there is no merit in the pleas of abatement, and no prejudicial error was com-mitted by the lower court in overruling said pleas in abate-ment, in so far as they alleged another suit pending.

3. APPEAL AND ERROR: harmless error: error rendered inconsequential.

The next question presented for consideration is whether or not the lower court erred in permitting the plaintiffs to amend their petitions and ask for a personal judgment against Joehnk, after the plaintiffs had withdrawn from their petitions, by a prior amendment, such a claim, Joehnk having purchased the property subsequent to the date of the mortgage, but be-fore the mortgage foreclosures were commenced, and having assumed and agreed to pay the mortgages thereon.

It appears that the petitions now under consideration, as originally filed, asked a personal judgment against the de-fendant Joehnk. These petitions were filed on December 24, 1924. Thereafter, the defendants filed motion for more specific statement, and on the same date a demurrer to the petitions. On the same date, the plaintiffs filed amendments to their peti-tions, withdrawing ''all that part of the petition which alleged any assumption on the part of Joehnk,'' and ''also waives all claims for personal judgment against the said Joehnk.'' Later, all the defendants, including Joehnk, answered the petitions of the plaintiffs; and still later, on March 10, 1925, the plain-tiffs filed amended and substituted amendments to the peti-tions, in which they withdrew the amendment to the petition

which disclaimed any right to a judgment against Joehnk, and asked in said amended and substituted amendments personal judgment against Joehnk on his assumption.

Thereafter, to wit, March 19, 1925, testimony in said causes was taken in Denison, Iowa, and it was stipulated at that time that a hearing upon the testimony taken at Denison might be had before either of the judges of the sixteenth judicial district of Iowa, in any county within that district. Thereafter, the plaintiffs filed trial notice to try the last brought cases in Crawford County district court at its May term, 1925, and a special appearance was entered before the Honorable M. E. Hutchison, presiding judge, wherein objection was made to the jurisdiction of the Crawford County court, on the ground that the stipulation and conduct of the parties had removed the said two foreclosure cases from said district court; that it had lost jurisdiction of the same; and that jurisdiction had been acquired by Judge R. L. McCord; and that he had proceeded to exercise his jurisdiction at a hearing held on March 10, 1925. Further objection was made that the Crawford County district court had lost jurisdiction to try the claim of assumption on the part of Joehnk, because, in effect, the said claim had been dismissed by the plaintiffs, and because no notice had been served on Joehnk advising him that said claim would again be urged; and further, that, if the repleadings were permitted on the claim of assumption, and such issue was tried, it would be after the termination of the January term, 1925, and thus there would be worked a denial of the right of Joehnk to take his testimony in the form of depositions, which he had intended to do.

Judge Hutchison ruled that said district court of Crawford County, Iowa, had not lost jurisdiction, but that the matter, having gone before Judge McCord, should be proceeded with before him, and that said court still retained jurisdiction to try said causes as amended; and from said order made by Judge Hutchison, the defendants perfected an appeal.

Still later, but at the May term, 1925, the plaintiffs urged trial of these latter brought foreclosure causes, and the defendants made another special appearance at said term before Judge McCord, and asked that an order be entered that

further proceedings in the foreclosure suits be postponed until the determination of the appeals then pending, which relief was denied, under due exception; and from this ruling, the defendants perfected the third appeal.

The petitions were filed in the district court of Crawford County; and, regardless of where the parties may have stipulated that evidence might be taken, that court did not, under the stipulations, lose jurisdiction. The fact that it was stipulated that evidence might be taken before another judge of the same judicial district, and at another place, would not deprive the Crawford County district court of its jurisdiction. Frequently, for convenience's sake, such stipulations are entered into; but certainly a court of no other county, in which the petitions had not been filed, could acquire any jurisdiction to determine the cause. Therefore, we see no merit in the proposition as urged by appellants, that the district court of Crawford County lost jurisdiction to hear and determine the causes of action; and the fact that Judge Hutchison made an order that Judge McCord should hear the evidence and determine the case, did not constitute the pending of an action in any other court than that of Crawford County, inasmuch as all of the judges concerned in the handling of this case were judges of the sixteenth judicial district.

4. COURTS: jurisdiction: stipulation: effect.

The question as to whether or not the court lost jurisdiction to try that part of the petition which alleged the assumption of the mortgage debt by Joehnk, under the circumstances, is one easy of solution. It appears from the record, as presented to this court, that this amendment reinstating the claim against Joehnk was filed on March 10, 1925; yet, on the 19th of March, 1925, we find the parties at Denison, Iowa, taking testimony relative to a plea in abatement, and later, in May, by a special appearance, questioning the jurisdiction to try the claim of assumption on the part of Joehnk, because the claim had been dismissed by the plaintiffs and no notice had been served on Joehnk; and in a later special appearance, it was alleged that they had perfected certain appeals to the Supreme Court, and prayed an order that further proceedings in

5. PLEADING: amendments: notice of amendment unnecessary.

the foreclosure suits be postponed until the determination of said appeals.

Concretely stated, the question for determination is whether a defendant who has filed answer is entitled to have notice of an amendment which sets up the same claim made against him in the original petition, but which had been withdrawn by a prior amendment. The fact that the defendant Joehnk has never been dismissed from the case, and is represented in court by counsel, and is resisting the right of the plaintiffs to a decree foreclosing their mortgages, is sufficient to require him to take notice of all amendments that may be filed in said cause in any wise affecting his rights or liabilities, until the cause is finally determined on its merits. See *Comes v. Comes,* 190 Iowa 547; *Dollister v. Pilkington,* 185 Iowa 815; *Smith v. Willcockson,* 143 Iowa 449; *Willson v. District Court of Polk County,* 166 Iowa 352.

Neither is there merit in the contention that Joehnk would be denied the right to take his testimony in the form of depositions, as it appears from the record that the pleas in abatement must stand as properly ruled, and that the commencement of the new actions for the January, 1925, term of said court was proper, and that Joehnk might still have taken his testimony by depositions in the March term thereafter.

We have answered all of the errors assigned for reversal by the appellants. We note, however, that the appellees present in their argument, and the appellants in their reply, two other assignments of error: (1) That the allegation of title in the plaintiffs was necessary, and proof to sustain such allegation required; and (2) that a mortgagor is not estopped from denying title in himself at the time of the execution of the mortgage. Both of these points are ruled by the recent opinion in *Watts v. Wright,* 201 Iowa 1118.

6. MORTGAGES: foreclosure: allegation of mortgageable interest.

We discover no reversible error in the record, and hence the orders of the court in the several appeals are—*Affirmed.*

Stevens, Faville, and Vermilion, JJ., concur.