F. G. COLBY et al., Appellees, v. JOHN B. FORBES et al., Appellees; B. I. SALINGER, Intervener, Appellant.

DECEMBER 13, 1927.

REHEARING DENIED DECEMBER 14, 1928.

*B. I. Salinger,* for appellants.

*Guy C. Richardson* and *Wilson & Harris,* for appellees.

PER CURIAM.—I. Appellees brought an ordinary action for foreclosure of a real estate mortgage. In addition to the usual averments in such a case, appellees alleged that, at the time of the execution of the said mortgage, the mortgagor was the owner in fee simple of said premises. The answer of the mortgagor admits the execution of the mortgage and default in payment, but denies the allegation that the claim of the mortgagor is inferior to the rights of the plaintiffs. The intervener filed a petition of intervention, in which he denies certain allegations of the appellees' petition, and alleges that the mortgagors in said action had, on or about the 7th day of April, 1924, executed and delivered to the intervener their note and mortgage upon said described premises; and he prays that his said mortgage may be decreed to be a lien on the said land, superior to any right, title, claim, or interest of all of the parties to said action. Appellants contend that the appellees failed to prove that the mortgagor had title at the time he gave the mortgage upon the premises. We have recently had before us the identical question herein presented, in the case of *Watts v. Wright,* 201 Iowa 1118. In that case, the appeal was from a default judgment, and the petition contained no allegation that the mortgagors were owners of the land described in the mortgage. We therein held that:

"An allegation of the execution of the mortgage is sufficient, without any averment of title in the mortgagor."

We also held that:

"By the execution and delivery of the mortgage in suit, the defendants, as mortgagors, estopped themselves on the question of their ownership of the described real estate."

We reaffirmed this rule in *Gotsch v. Schoenjahn*, 201 Iowa 1317.

Under Section 11181, Code of 1924, and under the well recognized and established rules, it was not incumbent upon the mortgagee, in bringing this action of foreclosure, to allege title in the mortgagor at the time of the execution of the mortgage.

Furthermore, the appellees offered record evidence sufficient to raise a presumption, at least, of ownership in fee in him at the time of the execution of said mortgage, and this presumption was in no way overcome.

II. It is argued that, even if the allegation of ownership at the time of the execution of the mortgage is an unnecessary one, yet, because appellees voluntarily assumed the burden of proving such ownership, and attempted to prove it, and it was the trial theory that such proof was necessary, therefore it was essential that appellees establish such fact, or fail in their case.

The mere fact that the appellees attempted to prove an unnecessary allegation, and may have failed in their proof thereof, does not constitute a basis for reversal, where the party was entitled to the relief granted in the action, regardless of such unnecessary allegation or proof.

The record clearly establishes appellees' right to the foreclosure of their mortgage, and the decree of the trial court was correct in all respects. It therefore must be, and it is,—*Affirmed.*