JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant, v. J. M. DOWER, Trustee, et al., Appellees; J. M. DOWER, Intervenor, Appellee.

No. 43684.

1378

JANUARY 19, 1937.

Donnelly, Lynch, Anderson & Lynch and William M. Dallas, for appellant.

Block & Block, and Hatter & Harned, for appellees, Pauline R. Roseberg, James Leader, Thomas J. Leader, Helen Wiborg, and Lester C. Leader.

J. M. Dower, for appellees, J. M. Dower, Trustee, L. C. Leader, Bertha Leader, Arthur Swain, and Mabel Swain.

STIGER, J.—On September 9, 1895, Thomas Leader and wife

by deed gave to their son, L. C. Leader, and Bertha Leader, his wife, a life estate in the land involved in this foreclosure suit with a remainder over. The habendum clause of the deed, after the gift of the life estate, reads as follows:

"To have and to hold the above described lands during their natural lives and the life of each of them and at the death of said grantees, or the survivor, then said described real estate to go to the children of the said L. C. Leader, but if the said L. C. Leader should die without children or their issue, then said real estate shall go to the legal heirs of Thomas Leader, the grantor herein."

After receiving the conveyance, L. C. Leader and his wife, the life tenants, built a substantial addition to the dwelling house on the premises to better accommodate their large family and made other improvements and repairs on the buildings. All of these improvements and repairs were made at the instance of the life tenants. No guardian was appointed for the minor children given a remainder interest in said real estate and no authority was obtained from the probate court to make the improvements and charge any part of the costs thereof against the interest of the minors.

In January 1916, the said life tenants and their adult children, Irene Leader and Pauline Leader, brought an action in equity in the district court of Iowa County, identified as cause No. 9201, against (1) the minor children of L. C. Leader, who are defendants in the instant case, (2) all heirs of Thomas Leader, grantor in the deed, (3) creditors who claimed liens on the real estate by reason of the making of the improvements on the real estate. In said cause No. 9201, the plaintiffs alleged that it was necessary to make the repairs and improvements authorized by L. C. Leader and Bertha Leader and that as a result thereof debts were incurred in favor of the creditor defendants who held liens against the premises which liens had to be paid and that "no other or satisfactory way is open than to mortgage all the interest and absolute title to said premises to satisfy the said obligations." The plaintiffs prayed that a trustee for the minor defendants and all defendants holding remainder interests be appointed to join in a mortgage with plaintiffs and that said mortgage convey and encumber "the full and absolute title to said premises" and that all of said

real estate be pledged to secure the mortgage indebtedness regardless of the respective interests of the parties among themselves. A guardian ad litem was appointed for all the minor defendants and on March 22, 1916, a decree was entered in which it was found that the claims of the creditor defendants for materials furnished for improvements constructed upon the premises were secured by liens upon the real estate; that the improvements permanently enhanced the value of the premises including the remainder interest and that said liens gave the said creditors a right to foreclose and dispossess plaintiffs and their children and in the absence of relief by the court, are liable to become divested of the premises. It was then decreed that the indebtedness should be charged against all the real estate; that a first mortgage loan creating a paramount lien conveying and encumbering full and absolute title against all plaintiffs and defendants be negotiated in a sum not exceeding the sum of $6,500 and from the proceeds of the loan the claims of the creditors should be paid. The decree then appointed Robert T. Conn, Commissioner to negotiate the mortgage loan and empowered him to execute notes and a mortgage securing the same upon all of the premises for and on behalf of the plaintiffs, and all defendants having any interest in the real estate.

Pursuant to this decree, Commissioner Conn executed a first mortgage upon the real estate to J. M. Tobin which became due June 1, 1921.

In the decree in cause No. 9201 it was provided that ''this cause shall stand continued, the court hereby retaining full jurisdiction over the subject matter both as to making further orders as to the mortgage of said premises and full jurisdiction over all the parties to this action and all parties interested for the purposes set forth.''

On January 24, 1922, a further decree was entered in cause No. 9201 on the application of L. C. Leader which found that it was necessary to obtain a new mortgage loan upon the real estate to satisfy the mortgage to J. M. Tobin which was delinquent and it was ordered that J. M. Dower ''be and he is hereby appointed as trustee for and in behalf of all the parties hereto owning said real estate'' and said trustee was authorized to obtain a mortgage for the purpose of satisfying the existing mortgage indebtedness and to execute a first mortgage lien upon all of the real estate.

On August 28, 1922, J. M. Dower as trustee for L. C. Leader, Bertha Leader, and Irene F. Leader, Pauline R. Cowan, Thomas J. Leader, Lester C. Leader, Helen Leader, and James A. Leader, children of L. C. Leader (all of whom are defendants in the instant case) filed his petition in equity No. 10836 making defendants in said action: (1) the life tenants, L. C. Leader and Bertha Leader, (2) all children of L. C. Leader and Bertha Leader, (3) all heirs of Thomas J. Leader, grantor in the deed executed in 1895. Said petition, among other things, alleged that L. C. Leader and Bertha Leader hold a life estate in the real estate and that the other parties for whom he was acting as trustee—the children of life tenants—are subject to said life estate, the owners thereof. That the said life tenants and their children had held the real estate for more than ten years adversely against all the other defendants under claim of absolute ownership. The petition further alleged that the action was brought for the purpose of establishing the absolute title to the real estate in the parties for whom he was acting as trustee. The plaintiff prayed for a decree quieting the title in the said beneficiaries of the trust and that the plaintiff's right to mortgage the absolute title to the real estate pursuant to the decree in cause No. 9201 be quieted and confirmed as against all the defendants. A guardian ad litem was appointed for all minor and incompetent defendants. On October 26, 1922, a decree was entered in said cause decreeing that the defendants L. C. Leader and Bertha Leader have a life estate in the real estate and that the children of the defendants, Irene F. Leader, Pauline R. Cowan, Thomas J. Leader, Lester C. Leader, Helen Leader and James A. Leader (all defendants in the instant case) are, subject to said life estate, the absolute owners in fee simple of the real estate. The decree quieted the title in said defendants against the defendant heirs of Thomas Leader and confirmed the plaintiff's right to mortgage the real estate to satisfy existing liens thereon.

On May 7, 1923, the court in cause 9201 entered an order authorizing Dower, trustee, to execute to the Collins Mortgage Company a mortgage upon the real estate which mortgage was assigned to the Equitable Life Assurance Society of the United States. This mortgage having matured and being delinquent, the court in cause 9201, on March 30, 1928, on the application of Dower, trustee, authorized said trustee to execute a note and

mortgage to the Midland Mortgage Company. Thereupon on March 23, 1928, the defendants, J. M. Dower, Trustee, L. C. Leader, Bertha Leader, Thomas J. Leader, Irene F. Leader, Helen Wiborg, Lester C. Leader and Pauline R. Cowan, executed a mortgage on the real estate to the Midland Mortgage Company. This mortgage contains the following warranties:

"That some one or more of said first party (mortgagors) is the owner of, and legally seized of the said premises in fee simple, and has good right and lawful authority to sell, mortgage and convey the same; that the same are free and clear from all liens and encumbrances of whatsoever kind and nature, except as hereinbefore stated, and that the first party warrants, and will forever defend the title to the same against the claim of all persons whomsoever."

At the time when these warranties were given, the fee simple title to the premises had been quieted in the mortgagors by cause No. 10836.

The Midland Mortgage Company paid the proceeds of the mortgage to the Equitable Life Assurance Society, which released its mortgage. The Midland Mortgage Company assigned its mortgage to the plaintiff, the John Hancock Mutual Life Insurance Company.

This mortgage became delinquent and plaintiff brought this action in foreclosure. The following defenses were interposed. It is urged by the defendant children of L. C. Leader, who held a remainder interest in the property, that their interests in the real estate were contingent and that such contingent interests were not subject to the imposition of any lien or any execution sale; that the defendant Dower, trustee, under the decree in 9201, was given only the right to mortgage the absolute title to the real estate to satisfy existing liens thereon and that the note and mortgage sued upon was not given to satisfy a lien existing on the date of the decree, October 6, 1922, all of said liens having been paid and satisfied by the proceeds of the mortgage executed by Commissioner Conn to J. M. Tobin and that the order of January 30, 1928, authorizing execution of the mortgage to the Midland Mortgage Company was ex parte and without force or effect.

The defendants, L. C. Leader and wife, life tenants, as a defense to plaintiff's petition, claim that plaintiff's mortgage

providing for judgment and decree of foreclosure and for the issuance of execution and a sale thereunder are in contravention of the purpose of the grantors in the deed under which they acquired their interest, the said grantor intending that the grantees hold the farm intact for the purpose of providing a home for the life tenants and their children the remaindermen and that plaintiff is estopped from prosecuting the action and causing the issuance of an execution subjecting the life estate to sale.

The defendant, James A. Leader, filed a separate answer stating that the court in cause 9201 did not have jurisdiction to appoint a trustee and authorize a mortgage of the contingent remainder interests of the parties and, because of the lack of jurisdiction, all orders and decrees entered in said cause are void. The defendant also claims (1) that the orders and decrees were invalid for lack of an adequate original notice, (2) that the court was without jurisdiction to enter the decree in the quiet title suit No. 10836, this decree being based on the void proceedings had in cause No. 9201, (3) that if the said decrees are valid they do not authorize the mortgage sued on by the plaintiff, (4) that his interest in the premises being a contingent remainder, such interest cannot be sold on execution sale.

A judgment and decree was entered against all the makers of the note for the amount due which judgment was declared to be a lien upon the interests of the life tenants, L. C. Leader and Bertha Leader in the real estate. The decree further provided that "no execution, general or special, shall issue against the mortgaged premises until the death of defendants L. C. Leader and Bertha Leader except, however, as against the life estate of the last named defendants." The decree dismissed plaintiff's petition as to the defendant James Leader who did not sign the note and mortgage. The decree did not provide for the foreclosure of any of the interests of the defendants. The plaintiff appealed.

The appellant claims that the remainder interests in the property conveyed by the deed were in fact vested remainders, but takes the position that it is entitled to succeed in the case under the contention of the defendants that the remainders are contingent. The case is submitted on the assumption that the remainders are contingent and we are not called on to determine whether the remainder is, in fact, contingent or vested.

■■■ I. The plaintiff appellant's first proposition is that the defendants are, by the warranties contained in the mortgage executed by them, estopped from asserting that they did not possess the estate which they undertook to mortgage and that the mortgage did not convey the rights which it purports to convey and that the plaintiff is entitled to a decree of foreclosure against the defendants. By executing this mortgage the defendants warranted that they were seized of the legal title of the premises in fee simple and are estopped from asserting that the mortgage did not convey the rights which it purports to convey. Watts v. Wright, 201 Iowa 1118, 206 N. W. 668; Gotsch v. Schoenjahn, 201 Iowa 1317, 207 N. W. 567; Colby v. Forbes, 207 Iowa 9, 216 N. W. 722.

■■■ It is urged by appellees that, regardless of the question of their estoppel, a contingent remainder cannot be sold on execution nor a lien imposed thereon before the estate becomes vested and that the trial court was right in refusing to permit an execution to issue until the death of the life tenants.

This court has held that a contingent remainder is not subject to attachment or levy and sale on execution and that no liens attach until the estate becomes vested. Saunders v. Wilson, 207 Iowa 526, 220 N. W. 344, 60 A. L. R. 786; Bisby v. Walker, 185 Iowa 743, 169 N. W. 467, 171 N. W. 152; Taylor v. Taylor, 118 Iowa 407, 92 N. W. 71.

These cases which hold that a contingent remainder is not subject to sale under general execution must be distinguished from a case, as here, where the owners of the contingent interests create a lien by the execution of a mortgage.

A contingent remainder is subject to conveyance and mortgage. 21 C. J. 1004; Noonan v. State Bank of Livermore, 211 Iowa 401, 233 N. W. 487; Bisby v. Walker, 185 Iowa 743, 169 N. W. 467, 171 N. W. 152; Peoples Loan & Exchange Bank v. Garlington, 54 S. C. 413, 32 S. E. 513, 519, 71 Am. St. Rep. 800.

A contingent remainder being subject to mortgage, it follows that upon the foreclosure of the mortgage, the land is subject to levy and sale under special execution. As stated in the Garlington case, supra:

"If a contingent remainder in real estate can be the subject of mortgage we see no reason why the mortgagee upon breach of the condition of the mortgage may not proceed to foreclose

the same and sell whatever interest the mortgagor may have in the mortgaged premises without waiting until the happening of the condition upon which the remainder would become vested.''

The contingent interests of the defendants were subject to mortgage and sale under special execution, and furthermore, the defendants were estopped by their warranty of fee simple title.

■■■ II. The next proposition of appellant is that a court of equity has inherent power to appoint a trustee to mortgage or sell real estate when contingent interests are involved and which the court finds will be protected thereby and that by the judgments and decrees entered in the two equity actions, 9201 and 10836, the defendant, J. M. Dower trustee was authorized to execute the mortgage sued upon creating a lien upon the entire fee binding upon all persons having any interests in the real estate and that plaintiff is entitled to a decree of foreclosure. This proposition of law presented by appellant is a correct statement of law applicable to the facts in equity cause No. 9201. A court of equity has inherent power to order the sale or mortgage of real estate conveyed by deed or devised by will to a life tenant with a remainder over if the exercise of such power is necessary to the preservation of the property and to prevent loss to both the life tenants and the remaindermen. This power of a court of equity may be invoked when some exigency exists which makes the action of the court indispensable to the preservation of the interests of all the parties in the real estate or on the occasion of some other urgent necessity. This rule is recognized by courts of equity as a rule of necessity. Traversy v. Bell, 195 Iowa 1243, 193 N. W. 439; Gavin v. Curtin, 171 Ill. 640, 49 N. E. 523, 40 L. R. A. 777; Coquillard v. Coquillard, 62 Ind. App. 489, 113 N. E. 481; Reed v. Alabama & G. Iron Co. (C. C.), 107 Fed. 586; Graff v. Rankin (C. C. A.), 250 Fed. 150; Cary v. Cary, 309 Ill. 330, 141 N. E. 156.

■■■ In cause No. 9201 all the children of L. C. Leader and all the heirs of Thomas Leader, who were all the living remaindermen, were made parties. All living members of this class being brought into court, they represented under the doctrine of virtual representation, all after-born persons who would belong to this class. The reason for the rule is that the living members of the class are just as much interested in preserving the estate as would the after-born members if they were present

and the estate of the after-born members is as fully protected as if parties to the suit. Johnston v. Johnston (Tex. Civ. App.), 276 S. W. 776; Graff v. Rankin (C. C. A.), 250 F. 150.

All the minors in the suit (defendants in this case) were represented by a guardian ad litem and the court had full jurisdiction of the subject matter and all the parties interested in the real estate and who in the aggregate held the fee title. The court found that the liens for the improvements made by the life tenants were a charge on the interests of the life tenants and those who held the real estate in remainder; that an exigency existed and that it was essential to the preservation of the interests of all who were interested or might become interested in the land to exercise its inherent power, and authorized a mortgage encumbering the fee title. The court may have been wrong in its findings and decree that the cost of the improvements were a legal charge against the contingent remainder interests of the minors in the real estate and that an emergency existed but the court had jurisdiction to commit error and the adjudication was final and settled the matter for all time to come. Bauer v. Bauer, 221 Iowa 782, 266 N. W. 531; Reinsurance Life Insurance Co. v. Hauser, 208 Iowa 1226, 227 N. W. 116.

The defendants are estopped, by their warranties in the mortgage, to deny that their interests in the real estate are less than a fee title as held in division No. I of this opinion and furthermore the decree in cause No. 9201 authorized the commissioner or trustee to mortgage the fee title to the real estate.

III. It is urged by appellee that the provisions in the mortgage for a decree of foreclosure and sale are void as being in contravention of the purpose of the grantor to provide a home for the life tenants and family during the life estate during which time he intended that the farm should be held intact. Conceding that at the time of the execution of the deed it was the intention of the grantor that the property should be held intact, the subsequent emergency, unforeseen by the grantor, which jeopardized the entire gift, justified the intervention of a court of equity to preserve the property so that the gift would not fail. Traversy v. Bell, 195 Iowa 1243, 193 N. W. 439, 443; Gavin v. Curtin, 171 Ill. 640, 49 N. E. 523, 40 L. R. A. 777.

In the Traversy v. Bell case, supra, the court, quoting from the case of Hale v. Hale, 146 Ill. 227, 33 N. E. 858, 20 L. R. A. 247, states:

"In such an emergency the court is required to stand in the place of the creator of the estates and do what he would have authorized had he anticipated the exigencies rendering some change in his scheme necessary in order to prevent the loss of the subject of it."

IV. Appellee James Leader who attained his majority April 15, 1933, contends that a court of equity has no probate jurisdiction and that the probate court has exclusive jurisdiction over the property of minors and the court in equity cause 9201 had no jurisdiction over his interest in the real estate. It is true, as claimed by appellee, that there is a definite distinction between the probate court and equity court and their respective jurisdictions. Coulter v. Petersen, 218 Iowa 512, 255 N. W. 684. In this state the district court is a court of general jurisdiction to which is committed matters arising at law, equity and probate. Sitting in probate it has original and exclusive jurisdiction to probate wills and appoint guardians. Code section 10763, chapters 503 and 539, 1935 Code; Coulter v. Petersen, supra; Niemand v. Seemann, 136 Iowa 713, 114 N. W. 48. A parent, as the natural guardian of his children, has no right to sell or encumber his children's property and a guardian of the property of a minor has no authority to sell or encumber the property of his ward without an order of the probate court. Code section 12587; Denniston v. Brown, 183 Iowa 398, 167 N. W. 190. The fact that all proceedings brought to sell or mortgage the property of a minor under Code section 12587 must be in probate, and that the guardian must manage the affairs of the ward under the jurisdiction of the probate court, does not deprive a court of equity of its inherent power to preserve the property and estate of life tenants and remaindermen though some of them are minors.

The probate court was powerless to grant the relief necessary to prevent the loss of the property. The appointment of a guardian and resort to the probate court would not have averted the danger that threatened the estate of the minors because in the probate court the guardian could be given only the power to create a mortgage lien on the contingent interest of his ward in the real estate.

The court in cause 9201 was not encroaching on the jurisdiction of the probate court as no question cognizable by a court

of probate was raised in that suit. The subject matter of the action was exclusively cognizable in a court of equity.

It was not because the children were minors that relief in equity was sought. The minors stood in no different position before the court than the adults. The purpose of the action was not only to affect the interests of the minors in the real estate but to bring in all living members of a class in order to adjudicate the rights of all persons in the real estate. All of the defendants herein are bound by that decree and all the mortgages were executed pursuant to the authority of the decree. The court found in cause 9201 that the liens of the creditors who had furnished materials and labor for the improvements made on the premises at the instance of the life tenants were a charge not only on the life estate but also on the remainder interest of the children and that an emergency existed. It may be conceded that the court was wrong in deciding that the parents had authority to bind the children's property and that an emergency existed. It did so decide and as heretofore stated it had jurisdiction to make an erroneous decision. That judgment is a verity.

■■■ V. Appellees further contend that the power under the decree in cause 9201 to mortgage the absolute title to said real estate was exhausted by the execution of the first mortgage by Commissioner Conn June 1st, 1916, to J. M. Tobin. This proposition is untenable, especially because the court in cause 9201 retained jurisdiction over the subject matter of the suit. The decree states, ''and this cause shall stand continued, the court hereby retaining full jurisdiction over the subject matter both as to making further orders as to the mortgage of said premises and full jurisdiction over all of the parties to this action and all parties interested for the purposes above set forth.'' The court retained jurisdiction to enable it to accomplish the purpose for which it entertained the action, that is, to save all interested parties from loss. All of the mortgages executed by the trustees, including the plaintiff's mortgage, were executed under this retained jurisdiction and under proper orders made in said cause 9201. The several mortgages refunded the original debt. Furthermore the defendants joined in the mortgage to the Midland Mortgage Company which created a lien on the fee title.

■■■ VI. In the quiet title action cause 10836 brought by J. M. Dower as trustee the court had jurisdiction over all the de-

fendants in this case and the heirs of Thomas Leader. The decree in this action was conclusive not only on the parties but all unborn children who, when born, might become members of the class on the theory that the living members represent them. Buchan v. German American Land Company, 180 Iowa 911, 164 N. W. 119, L. R. A. 1918A, 84; Harris v. Randolph, 213 Iowa 772, 236 N. W. 51. The appellees claim that the decree in cause 10836 was of no force or affect because it was beyond the jurisdiction of the court to validate its prior void decree in cause 9201. We cannot agree with this position because, (1) we hold that the decree in 9201 was valid, (2) the court in cause 10836 had jurisdiction to pass upon and determine all issues presented in the case.

■■■ VII. It is also claimed by appellees that no legal service was obtained on the minors in cause 9201 who were under 14 years of age. The service of notice was made on the minors by reading the same to each of them and delivering to each minor a copy of the notice with copy of the petition attached. In addition to this service the father, L. C. Leader, who was one of the plaintiffs, accepted service on behalf of the minors. Acknowledgment of service of notice is one of the statutory modes of service, and code section 11080 provides for service on the father if the minor is under 14 years of age. It is urged by appellees that a plaintiff cannot accept service of notice for a defendant and cites the case of Morgan v. Morgan, 45 S. C. 323, 23 S. E. 64. In this case it was held that jurisdiction of defendant minors was not acquired by acceptance of service by their guardian who was the plaintiff in the action because the proceedings against the defendants were of an adversary character. In cause 9201 the interest of the father as plaintiff and the minor children who were defendants was the same, that is, the preservation of the entire estate, and the proceedings were not adversary to his children. This service of notice complied with the statutory exactions.

VIII. Appellant's motion to strike the brief and argument of cross appellees J. M. Dower, trustee, L. C. Leader and Bertha Leader on the ground that no notice of appeal was served by them and that no appeal was taken or perfected by the cross appellees from the final judgment and decree in this cause is sustained.

In conclusion, the plaintiff, under its mortgage, has a first mortgage lien on the fee title because, (1) cause 9201 authorized

1390

an encumbrance of the fee, (2) cause 10836 quieted the title to the fee in the real estate in the mortgagors other than the trustee, (3) defendant mortgagors, other than James Leader, are estopped by their warranties from claiming that the mortgage did not convey the fee title, and the plaintiff is entitled to a decree of foreclosure against all the defendants with the usual order for sale on special execution and the case is reversed and remanded for a judgment and decree in harmony with this opinion.—Reversed and remanded.

PARSONS, KINTZINGER, ANDERSON, and DONEGAN, JJ., concur.